Bruce BRIGHTBILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–86–0173–CR.

Court of Appeals of Texas,
Amarillo.

July 21, 1987.

Benjamin L. Linton, Lubbock, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of obstructing a highway or passageway and fined $50.00. Tex.Penal Code Ann. § 42.03 (Vernon 1974). He attacks the conviction by two points of error, contending the conviction is void because (1) his acts were not a violation of the statute under which he was tried, and (2) the statute has been repealed. We affirm.

Appellant is a Hale County farmer who does not like the manner in which the county road adjacent to his farm is maintained. The road has deep ditches along either side, which facilitate drainage and are a source of dirt for the crown of the road. Apparently, appellant does not think the road should be ditched.

In March of 1986, a county road crew was grading the crown of the road and the ditches near appellant's farm. When the crew started to work the portion of the road adjacent to the farm, appellant parked his vehicle in the ditch, in front of the road grader, so it could not continue to grade the ditch without hitting him. He motioned

to the driver to pull the grader out of the ditch, then told the driver "that he wanted us to get out of that ditch and to not get back in there." Appellant also told the driver he would "stay there until those machines left." The grader driver pulled out of the ditch and the road crew left the immediate area.

The grader driver reported the incident to his employer, law enforcement authorities were notified, and appellant was arrested and charged. A jury found him guilty and assessed a $50.00 fine.

■ By his first point, appellant says his conduct did not violate the statute under which he was charged. The statute in question, section 42.03 of the Penal Code, states as pertinent here:

(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:

(1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others;

\* \* \* \* \* \*

(b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

As is readily apparent, the statute prohibits the obstruction of various public and private areas of passage, and defines "obstruct" as rendering an area impassable or making passage unreasonably inconvenient or hazardous. The Court of Criminal Appeals has given the definition a literal application, holding that the statute was violated when a defendant stood in the middle of a sidewalk, forcing a pedestrian to leave the sidewalk and walk around her. *Haye v. State*, 634 S.W.2d 313, 315 (Tex.Crim. App.1982).

In this case, it is undisputed on the record before us that appellant parked in the ditch being graded by the road grader, forced the grader out of the ditch and instructed the crew to leave. It is also undisputed that the ditch is part of a public road used for passage and that appellant acted intentionally to render passage unreasonably inconvenient or hazardous for the road grader employed in a legitimate enterprise. Thus, appellant violated the statute.

Citing *Threadgill v. State*, 156 Tex.Cr.R. 265, 241 S.W.2d 151 (1951), appellant argues that the mere act of parking on a public road is not a violation of the statute. *Threadgill* construed a now-repealed penal code article that criminalized willful obstruction of a public road and held that the statute did not prohibit the parking of a vehicle upon a highway.

Perhaps *Threadgill* is a correct result under its facts, but it does not absolve appellant here. Appellant's activity was not casual or inadvertent. Rather, appellant deliberately blocked a public passageway, as the culmination of a long standing disagreement with county road maintenance policy, and made it clear that he was not going to permit a county employee to travel where the employee had every right to travel. It is precisely that kind of activity that is prohibited by the statute under which he was tried. Thus, we conclude that appellant's conduct violated section 42.03 of the Penal Code. Point of error one is overruled.

By his second point, appellant contends section 42.03 was repealed by implication, insofar as it applies to appellant's acts, when the legislature enacted sections 93 and 95 of article 6701d of the Texas Revised Civil Statutes Annotated (Vernon 1977 & Supp.1987). Section 93(a) prohibits a person from stopping, parking or leaving a vehicle on "the main-traveled part of a highway outside of a business or residence district" except under certain named conditions. Section 95 regulates stopping, standing, or parking a vehicle under certain

conditions and in certain specific locations.[1] Both sections were extensively amended after section 42.03 of the Penal Code was enacted.

Section 42.03 is a much broader statute, covering any kind of unprivileged obstruction of any place used for the passage of persons or vehicles. It does not require the use of a vehicle and it is not location specific.

 Various settled principles are applicable when deciding whether a subsequent statute repeals an existing statute. Repeal by implication is not favored, *Gordon v. Lake*, 163 Tex. 392, 356 S.W.2d 138, 139 (1962), and will not be decreed unless the statutes in question are positively repugnant or manifestly inconsistent. *Mercantile National Bank at Dallas v. Langdeau*, 371 U.S. 555, 565, 83 S.Ct. 520, 526, 9 L.Ed.2d 523 (1963). Thus, absent the stated conflict or an express repeal, the provisions of old and new statutes should be harmonized and effect given to both. *Winterman v. McDonald*, 129 Tex. 275, 102 S.W.2d 167, 171 (1937).

■ Under the facts of this case, we find no conflict between the article 6701d sections and the Penal Code section under which appellant was prosecuted. There is no evidence in this record that appellant's acts occurred outside a business or residence; indeed, all evidence indicates the scene of the crime was completely pastoral. Thus, section 93 addresses events not present in this case and is immaterial.

There is also no evidence of any of the various specific conditions or events pertinent to a section 95 violation. Perhaps the best test in this particular case is whether appellant could have been convicted if he had been charged under either section 93 or 95. It is apparent that he could not, because his acts did not occur within the areas or under the conditions specified by either section. We conclude, therefore, the statutes are not in conflict and that section

42.03 of the Penal Code is not repealed by sections 93 and 95 of article 6701d.

Appellant again relies on the *Threadgill* case, *supra*, which concluded that a subsequent traffic control statute impliedly repealed an existing statute. The facts of *Threadgill* are so dissimilar, however, that the case is not persuasive here. Point of error two is overruled.

The judgment is affirmed.

---

1. Section 95 is highly specific, regulating traffic primarily in urban areas. For example, it controls vehicles and persons on sidewalks, crosswalks and railroad tracks, within intersections and safety zones, near driveways, fire hydrants, and fire stations and on bridges or within tunnels.