**Irene J. GILL–MASSAR, et al., Appellants, Appellees,**

v.

**DALLAS COUNTY, Texas By and Through the COMMISSIONERS COURT of DALLAS COUNTY, Texas, Appellees, Appellants.**

No. 05–88–00876–CV.

Court of Appeals of Texas, Dallas.

Sept. 12, 1989.

Rehearing Denied Dec. 5, 1989.

---

Bruce W. Collins, Michael Eaton, Peter Lesser, Erika C. Roach, Gary L. Bledsoe, Dallas, for appellants, appellees.

Earl Luna, Mary Milford, Dallas, for appellees, appellants.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

This declaratory judgment action concerns the validity of section 52.051 of the Government Code,[1] which provides that court reporters shall be paid a salary set by the order of the judge of the court. The Dallas County Commissioners Court (Commissioners) assert that section 52.051 has been impliedly repealed by the later enacted section 152.011 of the Local Government Code,[2] which authorizes the Commissioners to set the amount of compensation for county employees paid wholly from county funds. Alternatively, the Commissioners assert that section 52.051 is unconstitutional because it usurps the Commissioners' constitutional right to establish the tax rate

---

1. Hereinafter referred to as section 52.051.

2. Hereinafter referred to as section 152.011.

for the county. We hold that section 52.-051 was not impliedly repealed by section 152.011 and that it is constitutional.

## FACTUAL BACKGROUND

Six district court judges and two county court judges ordered five percent salary increases for their court reporters effective as of fiscal year 1988.[3] The judges acted pursuant to section 52.051 of the Government Code which was enacted by the 69th legislature in 1985 and provides as follows:

(a) An official district court reporter shall be paid a salary set by the order of the judge of the court. This salary is in addition to transcript fees, fees for a statement of facts, and other necessary expenses authorized by law.

(b) The salary set by the judge may not be lower than the salary that the official court reporter received on January 1, 1972.

(c) An order increasing the salary of an official district court reporter must be submitted to the commissioners court of each county in the judicial district not later than September 1 immediately before the adoption of the county budget for the next year. A commissioners court may allow an extension of this time limit.

(d) The official district court reporter may not receive a salary that is more than 10 percent greater than the salary received during the preceding budget year without the approval of the commissioners court of each county in the judicial district.

(e) A person appointed to succeed an official district court reporter may not receive a salary greater than the salary received by the person's predecessor in office.

The court reporters are paid by Dallas County. The Dallas County Commissioners chose to disregard the judges' orders and instead, by an order dated October 22, 1987, increased the court reporters' salaries three percent with payment of an additional two percent in the event of a final judgment of a court of competent jurisdiction adverse to their position.[4] The Commissioners acted pursuant to section 152.011 of the Local Government Code which was enacted in 1987 and provides as follows:

The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds.

The Commissioners then filed suit in a district court for a declaratory judgment pursuant to section 37.001 *et seq.* of the Texas Civil Practice and Remedies Code seeking to have section 52.051 declared unconstitutional or to have it declared impliedly repealed by the enactment of section 152.011. The trial court ruled that the statute in question was constitutional but that it was impliedly repealed by section 152.011.

## COUNTY CRIMINAL COURT REPORTERS

■ As a preliminary matter, we consider whether the two county criminal court judges could order a salary increase pursuant to section 52.051 even though that statute expressly applies to district court reporters. At the time Judge Orvis of County Criminal Court No. 2 entered his order purporting to set the salary of his court reporter, Katherine Gipson, her salary provision was governed by the following:

The provisions of the General Laws of Texas relating to the appointment of stenographers for the District Courts shall,

**3.** The court reporters and their respective judges are:
Irene J. Gill–Massar, Criminal District Court No. 3, Judge Gary R. Stephens;
Sandra Halsey, 265th District Court, Judge John Ovard;
Laura Weed, County Criminal Court No. 10, Judge Randy Isenberg;
Pamela Bardwell Smith, Criminal District Court No. 5, Judge Pat McDowell;

Don Hardy, 204th District Court, Judge Richard Mays;
Frank Howell, Criminal District Court No. 4, Judge Frances J. Maloney;
Jim Perry, Criminal District Court No. 2, Judge Ron Chapman;
Katherine Gipson, County Criminal Court No. 2, Judge John J. Orvis.

**4.** · This order did not include Laura Weed.

and is hereby made to apply in all its provisions, in so far as they are applicable to the official shorthand reporter herein authorized to be appointed, and *said reporter shall be entitled to the same fees and salary* and shall perform the same duties and shall take the same oath as are in said laws provided for the stenographers of District Courts of this State, *and also be governed by any other laws covering the stenographers of the District Courts of this State;* ... (Emphasis ours). TEX.REV.CIV.STAT. ANN., ART. 1970–31.11, § 12 (Vernon Supp.1986). The statute governing Judge Isenberg's order, regarding Laura Weed [5], in County Criminal Court No. 10 is, in pertinent respects, identical to the one quoted above. *See* TEX.REV.CIV.STAT. ANN., ART. 1970–31.18, § 11 (Vernon Supp.1986). Both statutes provided that county court reporters are entitled to the same salaries as district court reporters, and they are to be governed by laws concerning district court reporters.[6] Thus we conclude that those two county criminal court judges may avail themselves of the protections of section 52.051.

### IMPLIED REPEAL

We next consider the question of implied repeal. Both statutes may be interpreted as delegating authority to set court reporters' salaries. Section 52.051 expressly delegates this authority to judges while section 152.011 delegates authority to the Commissioners Court to set salaries for county employees. Court reporters are, according to the commissioners, county employees. Both the Government Code and the Local Government Code provide that their respective provisions shall be construed by the Code Construction Act, § 311.001, *et seq.*, of the Government Code which includes the following guidance:

"[I]n interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."

We are further guided by common law tenets of statutory construction. Most important in the present case is the principle that repeals by implication are not favored and will not be decreed unless the statutes in question are positively repugnant or manifestly inconsistent. *Brightbill v. State*, 734 S.W.2d 733, 735 (Tex.App.— Amarillo 1987, no writ). With those principles in mind, we examine the statutes in question.

We first consider legislative intent. From 1972 until 1985, setting or increasing the salaries of district court reporters was governed by the provisions of Vernon's Civil Statutes, article 3912k, which provided in relevant part:

Sec. 1 Except as otherwise provided by this Act and subject to the limitations of this Act, the Commissioners Court of each county shall fix the amount of compensation ... for county and precinct officials and employees who are paid wholly from county funds ...

Sec. 3(a) In addition to transcript fees, fees for statements of facts, and other expenses necessary to the office authorized by law, the official shorthand reporter of each district or domestic relations court shall be paid a salary set by order of the judge of that court; provided that such salary shall be no lower than the salary on the effective date of this Act. If a judicial district is composed of more than one county, each county shall pay a portion of the salary equal to the proportion that its population bears to the total population of the judicial district ...

Sec. 3(c) An official shorthand reporter may not be paid a salary more than 10 percent in excess of the salary paid to him during the preceding budget year, except with the approval of the commis-

---

5. Also regarding Ms. Weed, we note that the Commissioners assert on appeal that Judge Isenberg's order was not timely entered. That issue was not ruled upon by the trial court, and we do not consider it to be before us on appeal.

6. The statutes, however, after recodification merely provide that county court reporters will receive the same salaries as district court reporters. *See* TEX.GOV'T CODE ANN. § 25.0593(*l*) (Vernon 1988).

sioners court of each county in the judicial system.

Accordingly, article 3912k clearly stated that court reporters' salaries were to be set by judges within the limitations set forth, even though the wages were paid wholly from county funds.

In 1985, the Texas legislature placed section 3 of article 3912k into the Government Code. The wording of section 3 remained essentially the same in the recodification. In 1987, the remainder of article 3912k was placed into the Local Government Code. In the Local Government Code, the legislature expressly declared that the act was intended as a recodification only and no "substantive" change in the law was intended. TEX.LOC.GOV'T.CODE ANN. § 1.001(a) (Vernon 1988); *see also PRC Kentron v. First City Center Ass'n*, 762 S.W.2d 279, 285 (Tex.App.—Dallas 1988, writ denied). The Commissioners argue that the implied repeal of section 52.051 is not a substantive change but merely a change in the procedure to be followed for setting the salaries.

█ We reject the argument that an implied repeal of section 52.051 is procedural instead of substantive. Such a change would result in a removal of power from the district judge to the County Commissioners Court. The Texas Supreme Court has indicated that we are to zealously safeguard the financial integrity and independence of the judiciary. That court has recently expressed the following view:

> No legislative authority, state or local, can so tighten the purse strings of the judiciary's budget that it fails to provide the funds reasonably necessary for the court's efficient and effective operation. To adhere to any contrary view would effectively concede to the legislature the power to render inoperative the judicial branch of government. It could force the judiciary into the role of a subordinate and supplicant governmental service—in effect, a mere agency. The judiciary is not an agency, but is a constitu-

tionally established separate, equal and independent branch of government. *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78, 80 (Tex.1988) (Spears, J., concurring).[7] The court reporter's role is a crucial function within the judicial system. We hold that such a change in the funding of the court system is a substantive and not a procedural change. Because the legislature expressly declared that no substantive change in the law was intended in the recodification of the Local Government Code, we conclude that the legislature did not intend to impliedly repeal section 52.-051.

Legislative intent is a primary consideration. TEX.GOV'T.CODE ANN. § 312.005 (Vernon 1988). Having ascertained the legislative intent, it follows as a matter of course that we shall construe the questioned part of the statute so as to give effect to the purpose of the legislature. *Citizens Bank v. First State Bank*, 580 S.W.2d 344, 348 (Tex.1979). Courts are not responsible, however, for omissions in legislation but only for giving a true and fair interpretation of the enactment as it is written; this means an interpretation that is not exaggerated, forced, or strained but one the ordinary meaning of the words of the enactment will fairly sanction and clearly sustain. *Railroad Comm'n v. Miller*, 434 S.W.2d 670, 672 (Tex.1968). Where there is a positive and clear repugnance between two statutes, courts are enjoined to harmonize and give effect to both enactments if at all possible by assigning to each a meaning that will permit both to stand in harmony. *Duval Corp. v. Sadler*, 407 S.W.2d 493, 497 (Tex.1966). We hold that the statutes may be harmonized. This is not difficult because both were actually once part of article 3912k. *See Pogue v. Duncan*, 770 S.W.2d 867, 869 (Tex.App.—Tyler 1989, writ pending) (Section 52.051 does not conflict with provisions of article 3912k). Section 52.051 applies to district

---

7. Five justices joined in this concurring opinion. The *Mays* case concerned this very litigation. The court reporters have interpreted *Mays* to hold that section 52.051 has not been repealed. We disagree. Neither the opinion itself nor the record before us indicates that the repeal issue was raised. Regarding the constitutional issue, the *Mays* court expressly declined to state its opinion on that issue. *Mays*, 755 S.W.2d at 80.

court employees, while section 152.011 applies to county employees. District court employees, even if paid from county funds, may be considered State employees because they are covered in the Government Code rather than the Local Government Code. Thus, we harmonize the statutes by holding that court reporters are not "county employees" as that term is used in section 152.011. We therefore reverse that portion of the trial court's judgment which found that section 152.011 impliedly repealed section 52.051.

## CONSTITUTIONALITY

■ We now address whether section 52.051 is unconstitutional. We initially note that where a party attacks a statute's constitutionality, every possible presumption obtains in favor of the constitutionality of the statute until the contrary is shown beyond a reasonable doubt. *State v. Hogg,* 123 Tex. 568, 72 S.W.2d 593 (1934). The Commissioners argue that the setting of a court reporter's salary by a district judge impinges upon the Commissioners Court's authority to set the county tax rate as provided in article VIII, sections 1-a and 9 of the Texas Constitution.

Article VIII, section 1-a, of the Texas Constitution contains the following relevant language:

> From and after January 1, 1951, the several counties of the State are authorized to levy ad valorem taxes upon all property within their respective boundaries for county purposes ... not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of this State, provided the revenue derived therefrom shall be used for construction and maintenance of Farm to Market Roads or for Flood Control, except as herein otherwise provided.

Article VIII, section 9, of the Texas Constitution sets forth the following:

> [N]o county, city or town shall levy a tax rate in excess of Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year for general fund,

permanent improvement fund, road and bridge fund and jury fund purposes; provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the foregoing tax levies does not exceed Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year.

These provisions empower the County Commissioners Court to set tax rates, subject to the applicable tax rate ceilings. The Commissioners argue that section 52.051, while not directly referring to the tax rate, nevertheless circumscribes the constitutional grant of power because "it does by the back budget door what it cannot do directly through the front tax door." That is, if the Commissioners Court is powerless to control any portion of the budget, however minuscule, they are not able to set the tax rate of their choice.

This identical argument was considered in *Pogue v. Duncan,* 770 S.W.2d at 874, and the court held that section 52.051 does not violate article VIII, section 9 of the Texas Constitution. *Pogue,* in turn, relied principally upon *Commissioners Court v. Martin,* 471 S.W.2d 100 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). *Martin* concerned a statute which vested district court judges with the authority to set compensation levels for personnel in the Texas Adult Probation Departments, even though such personnel are paid with county funds. In *Martin,* the court held: "The fixing of the amount of compensation of probation personnel is not within itself the levy of a tax to pay the same." *Id.* at 105. By analogy, we find that the setting of the amount of compensation for court reporters is not the levy of a tax. *See also, Vinson v. Burgess,* 773 S.W.2d 263 (Tex. 1989) (tax roll back elections do not fatally conflict with article VIII, section 9.)

The Commissioners have presented us with no precedential authority in support of their position that they have such broad power. The principal case relied upon by the Commissioners is *Commissioners' Court v. Criminal District Attorney*, 690 S.W.2d 932 (Tex.App.—Austin 1985, writ ref'd n.r.e.). That case involved the interpretation of the following statute:

Salaries of assistant prosecuting attorneys, investigators, secretaries and other office personnel shall be fixed by the prosecuting attorney, subject to the approval of the commissioners court....

TEX.REV.CIV.STAT.ANN. art 3324, § 5. (Vernon 1973). The district attorney argued that the statute provided authority for him to legislatively establish salary amounts and that the Commissioners Court was mandated to arrange for the revenue to pay such salaries. The court noted that the district attorney's interpretation was "certain to assure a troubled and unworkable state of affairs in county government." *Id.* at 937. However, the court did not decide the case on constitutional grounds; instead it simply disagreed with the district attorney's interpretation. In fact, the court indicated that if the statute would have unequivocally given the district attorney such authority, then it would have been upheld. *Id.* at 939 (citing *Commissioners' Court v. Martin*). By comparison we hold that section 52.051 does unequivocally give such authority to the judiciary.

Moreover, we reject the Commissioners' argument that vesting such power in the judiciary is sure to wreak havoc in the county budget-making process. Section 52.051(d) incorporates a safeguard against unreasonable raises by limiting to ten percent per annum the amount a court reporter's salary may be increased without approval of the Commissioners Court.

We hold that court reporters' salaries are a judicial expense for which, within the prescription of the statute, the Commissioners have no veto power. Although the county budget may be influenced by a source outside the control of the Commissioners Court, that does not usurp the Commissioners Court's constitutional authority to set county tax rates. We hold that section 52.051 is constitutional.

The judgment of the trial court regarding implied repeal is reversed and judgment is rendered that section 52.051 was not impliedly repealed by section 152.011. The judgment of the trial court finding section 52.051 constitutional is affirmed.[8] This cause is remanded to the trial court to determine whether attorneys' fees should be awarded pursuant to section 37.009 of the Texas Civil Practice and Remedies Code and for any other action consistent with this opinion.

---

**8.** Because we uphold the validity of section 52.-051, we need not address the argument that a salary increase may be compelled under doctrine of inherent power.