**John H. HOLLOWAY, Appellant,**

**v.**

**Donald B. BUTLER, Thomas R. Beech, and Ray Hardy, Harris County District Clerk, Appellees.**

**No. 01–91–00299–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1992.

Rehearing Denied May 7, 1992.

John H. Holloway, Houston, for appellant.

Keith Dubanevich, Thomas R. Beech, Howard L. Nations, Houston, for appellee.

Before SAM BASS, COHEN and WILSON, JJ.

## OPINION ON MOTION FOR REHEARING

SAM BASS, Justice.

Appellant has filed a motion for rehearing asserting that this Court erred in concluding that TEX. GOV'T CODE ANN. § 52.047 (Vernon 1988) is constitutional. We overrule the motion for rehearing. However, we withdraw our previous opinion dated March 12, 1992, and issue this opinion in its place.

This is an appeal to determine the constitutionality of TEX. GOV'T CODE ANN. § 52.-047 (Vernon 1988) and the reasonableness of a court reporter's fee for preparing a statement of facts. Appellant, John H. Holloway, appeals from the trial court's denial of his motion to retax costs and to enjoin the district clerk's execution to collect allegedly excessive court costs and costs of appeal after this Court reversed the trial court's prior judgment and rendered judgment that Holloway take nothing.

We affirm the judgment of the trial court.

On July 21, 1988, this Court reversed Holloway's judgment against Donald Butler and Thomas Beech and rendered judgment that Holloway take nothing in his libel and slander suit. Butler obtained a writ of execution upon Holloway for $6,507.19, which is the court costs plus the costs for the transcription of the testimony and preparation of the index and exhibits. On June 14, 1990, Holloway tendered under protest to the district clerk the full amount of the costs under the execution. He filed a motion to retax costs and to enjoin the district clerk from collecting the fees. Holloway appeals from the trial court's denial of this motion.

In his first, second, fourth, and fifth points of error, Holloway attacks the constitutionality of TEX. GOV'T CODE ANN. § 52.-047 (Vernon 1988). The statute states:

(a) A person may apply for a transcript of the evidence in a case reported by an official court reporter. The person must apply for the transcript in writing to the official court reporter, and the reporter shall furnish the transcript on payment of the transcript fee.

(b) If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript.

(c) On payment of the fee, the person requesting the transcript is entitled to the original and one copy of the transcript. The person may purchase additional copies for a fee per page that does not exceed one-third of the original cost per page.

(d) An official court reporter may charge an additional fee for: (1) postage or express charges; (2) photostatting, blueprinting, or other reproduction of exhibits; (3) indexing; and (4) preparation for filing and special binding of original exhibits.

(e) If an objection is made to the amount of these additional fees, the judge shall set a reasonable fee.

(f) If the official court reporter charges an amount that exceeds a fee set by the judge, the reporter shall refund the excess to the person to whom it is due on demand filed with the court.

TEX. GOV'T CODE ANN. § 52.047 (Vernon 1988). He asserts that the statute is an improper delegation of legislative power in violation of TEX. CONST. art. I, §§ 13, 19, TEX. CONST. art. II, § 1, and TEX. CONST. art III, § 44, because the statute does not establish sufficient guidelines to prevent arbitrary and unequal application of fees to be paid by litigants. He further asserts that the statute is a special law that is incapable of uniform application in violation of TEX.

CONST. art. III, §§ 35 and 56 and U.S. CONST. amend. XIV.

■ Where a party attacks a statute's constitutionality, every possible presumption obtains in favor of the constitutionality of the statute until the contrary is shown beyond a reasonable doubt. *Gill–Massar v. Dallas Co. Com'rs Court,* 781 S.W.2d 612, 617 (Tex.App.—Dallas 1989, no writ). The burden rests on the individual who challenges the act to establish its unconstitutionality. *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974).

Appellant relies heavily on *In re Johnson,* 554 S.W.2d 775 (Tex.Civ.App.—Corpus Christi 1977), *writ ref'd n.r.e.,* 569 S.W.2d 882 (Tex.1978), as support for his argument that section 52.047 is unconstitutional. There the Corpus Christi Court of Appeals struck down TEX.REV.CIV.STAT.ANN. art. 2324 [1] as violative of TEX. CONST. art. II, § 1 and art. III, §§ 35, 44, and 56. The supreme court refused Johnson's application for writ of error "no reversible error." The court carefully noted, however, that the orders refusing the application "are not to be understood as approving the holding by the court of civil appeals that the third paragraph of article 2324 is unconstitutional." *Johnson,* 569 S.W.2d at 883.

■ Statutes authorizing trial courts to appoint and set reasonable compensation for masters in chancery, auditors, and guardians ad litem have existed in this state for decades. TEX.R.CIV.P. 171, 172, and 173. There appears to be no question as to the constitutionality of the legislature giving the courts the power to set reasonable fees in these situations. As noted by this Court in 1947:

It is well settled by decisions by the courts of this state that the granting or refusal of fees allowed attorneys appointed by the court and fees allowed guardians ad litem are within the sound discretion of the trial court and that the court's action is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion.

*McGrew v. Britton,* 206 S.W.2d 836, 838 (Tex.Civ.App.—Galveston 1947, writ ref'd n.r.e.).

■ It is difficult to see any notable distinction between setting fees for a master, auditor, or guardian ad litem and setting fees for a court reporter. In none of these situations is the party who pays the fees given a choice about whether an official will be appointed or who that official will be. *See Mann v. Mann,* 607 S.W.2d 243, 246 (Tex.1980) (trial court has discretion in appointment of a master and should be reversed only for clear abuse of that discretion). The legislature set no guidelines, other than reasonableness, for determination of the fees for a master, auditor, or guardian ad litem. Likewise, the legislature has set no guideline for the fees of a court reporter, other than "a reasonable fee." The same principle should apply to court reporters' fees that applies to masters' fees, auditors' fees, or guardians ad litem's fees. The appropriate inquiry is whether the trial court's action in approving such fees is an abuse of discretion.

■ To establish a clear abuse of discretion it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). The trial judge in this case heard testimony from the court reporter that this was a difficult and technical case. She stated she provided Butler with an original and one copy of the statement of facts for $3.80 per page. She further stated that she would have charged the same per page amount if Butler had ordered only the original statement of facts. The judge also heard testimony from Michael Clepper, whom Holloway called as an expert witness. Clepper stated that at the time of the first trial, court reporters were charging $3 to $3.50 per page for an original and $0.45 to $1 per

---

1. Act of May 27, 1975, ch. 319, § 1, 1975 Tex. Gen.Laws 826, which read in part that when any party makes a written request of a court reporter to furnish "a transcript of the evidence ... the reporter shall make up such transcript and shall require as compensation therefor a reasonable amount, subject to the approval of the judge of the court if objection is made...."

page for a copy. On cross-examination, he stated that he currently had a contract with Holloway to provide deposition service at $3.60 per page for the original and one copy. This testimony indicates that the trial court's action was not arbitrary or unreasonable. The judge had ample evidence, in light of all of the circumstances of this case, to find that $3.80 per page was a reasonable fee for the statement of facts and one copy.

We hold that the statute is constitutional. Holloway's first, second, fourth, and fifth points of error are overruled.

■ In his third, sixth, and seventh points of error, Holloway asserts that the trial court erred in holding the fees of $5,506.20 for a statement of facts, $119 for an index, and $540.96 for 2352 copies of exhibits taxable costs against appellant. He claims that the amounts are (1) unsupported by the evidence and law, (2) contrary to the undisputed evidence, or (3) against the great weight and preponderance of the evidence. He claims that the evidence is legally and factually insufficient to support these costs, because he should not be taxed for the costs of the copies of the statement of facts and exhibits that Butler received as the appellant in the first appeal.

In reviewing legal insufficiency points, the reviewing court considers only the evidence and inferences, when viewed in their most favorable light, that tend to support the finding, and disregards all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). In determining a factual insufficiency point, the court must examine all of the evidence and set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Hughes, the court reporter in the original suit, testified that she charged $3.80

per page, regardless of whether the requesting party asked to receive a copy. Setting one fee for the preparation of the original and one copy is consistent with the statute, which states: "on payment of *the fee*, the person requesting the transcript is entitled to *the original and one copy* of the transcript." TEX. GOV'T CODE ANN. § 52.047 (Vernon 1988) (emphasis added).

Rule 89 of the Texas Rules of Appellate Procedure states, in pertinent part:

In any civil cause reversed by the court of appeals, the appellant shall be entitled to an execution in the trial court against the appellee for costs occasioned by such appeal, including costs for the transcript and statement of facts.

TEX.R.APP.P. 89.

The court reporter followed the specifications of section 52.047 by making an original and one copy of the statement of facts. Holloway must pay the costs of the statement of facts and transcript, as provided for by rule 89 of the rules of appellate procedure. The court reporter testified about the difficulty of the case and the amount of effort expended. She stated how much she paid a typist to do the work for her, and how much she paid for copies. There was evidence that other local court reporters charge fees similar to those charged in this case. Thus, the evidence is not weak, nor is the finding against the great weight and preponderance of the evidence. The evidence is both legally and factually sufficient to support the trial court's judgment.

We overrule Holloway's third, sixth, and seventh points of error.

The judgment of the trial court is affirmed.