## Office of the Attorney General
### State of Texas



**DAN MORALES**
ATTORNEY GENERAL

June 17, 1992

Honorable Bruce Isaacks
Criminal District Attorney
Denton County
P. O. Box 2344
Denton, Texas 76202

Opinion No. DM-128

Re: Who has the authority to set the compensation of official court reporters in the county courts of law in Denton County (RQ-195)

Dear Mr. Isaacks:

You have asked for an opinion concerning the setting of the salary of the court reporters in the county courts of law in Denton County. You inform us that a county court of law judge appointed his own court reporter and set her salary without the approval of the county commissioners court. You wish to know who has the authority to set the salary for court reporters in the county courts of law in Denton County. In this regard, you ask whether Local Government Code section 152.905, "allows District Judges to set compensation for all court reporters or just district court reporters."

We will first resolve your inquiry about the scope and effect of Local Government Code section 152.905. That section provides the following:

> (a) This section applies only to the compensation of the county auditor, assistant auditors, and court reporters.

> (b) Before setting the amount of annual compensation of the auditor, assistant auditors, and court reporters, the district judge or judges shall hold a public hearing on the matter at which parties in interest and citizens have an opportunity to be heard.

It is apparent that section 152.905 does not constitute authority for the setting of court reporters' salaries by the district judges. Rather, it sets out the *procedures* to be followed when district judges set the salaries of court personnel that other law gives them the authority to set. In the case of court reporters, Government Code section 52.051 provides that authority, but only for reporters in district court. Gov't Code § 52.051(a) ("An official district court reporter shall be paid a salary set by the

order of the judge of the court. . . . ").[1]  This section does not address the setting of compensation for official court reporters in county courts at law.

Statutes governing specific county courts at law are now codified at Chapter 25 of the Government Code.  Sections 25.0631 and 25.0632 address the county courts at law of Denton County.  See Acts 1987, 70th Leg., ch. 148, § 4.01, eff. Sept. 1, 1987.  Prior to the non-substantive recodification in 1987,[2] V.T.C.S. article 1970-352b governed these courts.  Section 4(b) of that statute provided the following:

> The judge of each County Court at Law No.1, No. 2, or No. 3 of Denton County may appoint an official court reporter, who shall be a duly certified shorthand court reporter under the law and is to be compensated as prescribed by the Commissioners Court of Denton County, to be paid by the county treasurer out of the general fund of the county.

See Acts 1985, 69th Leg., ch. 842 § 4(b), eff. Sept. 1, 1985.  The revisor's note to Government Code section 25.0632 explains that

> (19) The revised law omits Section 4(b) of the source law, relating to the appointment and compensation of the court reporter.  Section 52.041 requires the appointment of an official court reporter.  Article 3912k requires the commissioners court to set the salary of county employees.

Section 1 of V.T.C.S. article 3912k was recodified as Local Government Code section 152.011 in 1987.  See Acts 1987, 70th Leg., ch. 149, § 1, eff. Sept. 1, 1987.  That section reads as follows:

> The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds.

---

[1]See also Local Gov't Code §§ 152.031 (county auditor's salary), 84.021 (salary of assistant to county auditor).

[2]See Gov't Code § 1.001 (Government Code intended as non-substantive recodification of existing law).

The court reporters at issue are county employees paid wholly from county funds.[3] We conclude that the legislature has mandated that the commissioners court of Denton County shall set the compensation of official court reporters employed in the county courts of law of Denton County.

## SUMMARY

The Commissioners Court of Denton County has the authority to set the compensation of official court reporters in the Denton County Courts at Law.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General

---

[3]*Cf. Gill-Massar v. Dallas County,* 781 S.W.2d 612, 616 (Tex. App.--Dallas 1989, no writ) (reasoning, in *dicta*, that district court employees are state rather than county employees for purposes of the Local Government Code section 152.011, "because they are covered in the Government Code rather than the Local Government Code"). Without commenting on the soundness of the court's argument, we note that the court reporters in the present case are employed by county courts, not district courts.