

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 17, 1992

Honorable Carlos Valdez
Nueces County Attorney
Nueces County Courthouse
901 Leopard
Corpus Christi, Texas 78401-3680

Opinion No. DM-74

Re: Whether a district judge can set the salary of his official court reporter at a level that differs from that set by the other district judges in a county (RQ-52)

Dear Mr. Valdez:

You ask whether one of the district judges in Nueces County can set the salary of his official court reporter at a level that differs from that set by the seven other district judges in that county. We conclude that he may.

Section 52.051 of the Government Code[1] provides:

> (a) An official district court reporter shall be paid a salary *set by the order of the judge of the court.* This salary is in addition to transcript fees, fees for a statement of facts, and other necessary expenses authorized by law.[2]

> . . . .

---

[1]Section 52.051 does not violate provisions of the Texas Constitution, article VIII, sections 1-a and 9, which empower the county commissioners court to set tax rates, subject to applicable tax rate ceilings. *Gill-Massar v. Dallas County,* 781 S.W.2d 612 (Tex. App.--Dallas 1989, no writ).

[2]The amount of an official court reporter's salary is subject to various limitations. *See* Gov't Code § 52.051(b), (d), (e). Additionally, there are time constraints during which an order increasing a court reporter's salary must be submitted to the commissioners court of each county in the judicial district. *See id.* § 52.05(c). The procedure for setting a salary is also statutorily defined, and includes holding a public hearing on the matter. *See* Local Gov't Code § 152.905.

(d) The official district court reporter may not receive a salary that is more than 10 percent greater than the salary received during the preceding budget year without the approval of the commissioners court of each county in the judicial district.

(e) A person appointed to succeed an official district court reporter may not receive a salary greater than the salary received by the person's predecessor in office. (Emphasis added.)

We find that the plain language of the statute indicates that the salary of an official court reporter is determined by a unilateral act[3] of the judge of the court in which the reporter is employed. We find no indication in this statute that the judges within one district must be in agreement as to one salary for the court reporters in all districts, or that deviation among the salaries of court reporters in a district is precluded. *See Mays v. Fifth Court of Appeals*, 755 S.W.2d 78 (Tex. 1988); *Gill-Massar v. Dallas County*, 781 S.W.2d 612 (Tex. App.--Dallas 1989, no writ).

A district judge's order of a pay increase is presumed valid as long as it is within the limitations authorized by section 52.051 of the Government Code. *See Mays, supra* (implicit approval of divergent court reporter salaries where a five percent salary increase was ordered by only "some" of the judges); *Duncan v. Pogue*, 759 S.W.2d 435 (Tex. 1988) (affirming *Mays* standard of review). You inform us that the variant salary in this case is within the maximum allowed by statute; therefore, we can presume it is valid. *See Mays, supra*. Further, we think that when the legislature requires district judges to act as one collective body in setting the salaries of public employees, it does so expressly. *See* Local Gov't Code § 152.03 (district judges shall set, by majority vote, the county auditor's annual salary). Thus, we conclude that the fact alone that an official court reporter's salary differs from that set by the other district judges in a county does not rebut the presumption of its validity. *Cf.* Attorney General Opinion DM-51 (1991) (pay scale differential for justices of the peace in same county does not, on its face, violate equal protection clause of the fourteenth amendment to the United States Constitution).

---

[3]We note that section 52.051(d) of the Government Code requires commissioners court approval of a salary of an official court reporter in certain situations.

## SUMMARY

A district judge can set the salary of his official court reporter at a level that differs from that set by the other district judges in a county.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay Guajardo
Assistant Attorney General