ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 19, 2009

The Honorable Elton R. Mathis
Waller County Criminal District Attorney
846 Sixth Street, Suite #1
Hempstead, Texas 77445

Opinion No. GA-0700

Re: Reimbursement for the court reporter of the
506th District Court   (RQ-0746-GA)

Dear Mr. Mathis:

Your request concerns reimbursement for the expenses of the court reporter for the 506th Judicial District, which consists of Waller and Grimes Counties.[1]  *See* TEX. GOV'T CODE ANN. § 24.5995 (Vernon Supp. 2008). You ask whether Government Code section 52.055 sets exclusive limits on reimbursement for the expenses of court reporters serving in multi-county districts, absent a special statute, or whether counties within the district may pay court reporter expenses equivalent to those paid other officers and employees of the county. Request Letter at 1.

An official court reporter appointed by the judge of a district court is paid a salary set by the judge and paid by the commissioners court. *See* TEX. GOV'T CODE ANN. §§ 52.041, .051(a), (c) (Vernon 2005); *see also id.* § 52.054(a) (salary of court reporter for multi-county district shall be apportioned among the counties in proportion to population). When the court reporter of a multi-county district court performs official duties in a county other than the court reporter's county of residence, section 52.055 entitles the court reporter to reimbursement for actual and necessary expenses, subject to a statutory maximum amount. *See id.* § 52.055(a)–(b), (d). The expenses are reimbursed by the county for which the expenses were incurred. *See id.* § 52.055(c).

Local Government Code section 152.011, which requires the commissioners court to set the expenses for county employees, does not apply to the court reporter of a district court, who is not a county employee within that statute. *See Gill-Massar v. Dallas County*, 781 S.W.2d 612, 616–17 (Tex. App.—Dallas 1989, no writ) (construing section 152.011 of the Local Government Code). Thus, Waller and Grimes Counties are not authorized to pay expenses of the court reporter of the 506th District Court equivalent to those paid county officers and employees under section 152.011. We can no longer rely upon Attorney General Opinion H-1250 (1978), which stated that the

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

predecessor of Local Government Code section 152.011 authorized the commissioners court to pay the expenses of the court reporter for the district court.[2] *See id.*

The district court reporter may receive, in addition to fees, "other necessary expenses authorized by law." TEX. GOV'T CODE ANN. § 52.051(a) (Vernon 2005).  Section 52.055 authorizes reimbursement for expenses of a district court reporter only when the court reporter performs duties outside of the reporter's county of residence.  We find no statute authorizing reimbursement to the court reporter of the 506th District Court for expenses in the court reporter's county of residence.[3]

---

[2]A district court has the inherent power to compel the commissioners court to spend public funds that are reasonably necessary for the court to carry out its mandated responsibilities.  *See Vondy v. Comm'rs Court of Uvalde County*, 620 S.W.2d 104, 109–10 (Tex. 1981).

[3]*See generally* TEX. GOV'T CODE ANN. § 52.057 (Vernon 2005) (providing allowances for office and travel expenses in county of residence for court reporters of specific districts, not including the 506th).  We note that Senate Bill 812 has been filed and would, as proposed, amend section 52.057 to require that court reporters of the 506th Judicial District receive reimbursement for actual and necessary expenses, including travel expenses.  *See* Tex. S.B. 812, 81st Leg., R.S. (2009).

## S U M M A R Y

When the official court reporter of the 506th District Court performs official duties in a county other than the court reporter's county of residence, the court reporter is entitled to reimbursement by the other county for actual and necessary expenses under Government Code section 52.055, subject to statutory limits. Section 152.011 of the Local Government Code does not authorize the commissioners court to set and pay the expenses of the court reporter for a district court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee