H. E. THREADGILL V. STATE.

No. 25356. June 27, 1951.

Hon. John Snell, Jr., Judge Presiding.

*Spurgeon Bell,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

South Main Street in the City of Houston runs north and south, the paved portion of which consists of four lanes; dirt shoulders extend from the side of the pavement for a distance and slope into a ditch. On the west side of said street and in the ten thousand block thereof, appellant had driven and parked two semi-trailers. One was stationed forty-two feet and the other, thirty-five feet from the edge of the pavement and on that portion of the right-of-way where the shoulders sloped into the ditch. From these trailers, appellant was engaged in selling fireworks. The drivers of automobiles stopping their cars along and upon such street and making purchases of fireworks caused a dangerous traffic hazard which at times, according to

the state's testimony, obstructed a part of the paved portion of the street. The semi-trailers were motor vehicles and were moved from time to time.

Under the facts stated, appellant was convicted, under Art. 784, P. C., of wilfully obstructing, and causing to be obstructed, the street at the place mentioned, with punishment assessed at a fine of $50.

It is insisted that the facts are insufficient to support the conviction in that it is not shown that there was an obstruction of the street, within the meaning of Art. 784, P. C., which reads as follows:

"Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway or any street or alley in any town or city, or any public bridge or causeway within this State, shall be fined not exceeding two hundred dollars."

Obviously, under that statute there must be an obstruction of the road or highway. Does this mean a permanent obstruction, as distinguished from a temporary obstruction or occupancy? Stated another way, does the parking of a motor vehicle along and upon a public highway constitute an obstruction within the meaning of the statute?

Art. 784, P. C., as it presently exists, is not materially different from that passed in 1860, at which time present-day traffic on the public highways of this state could hardly have been contemplated. To determine the meaning, then, of the statute, we look not to the legislative intent in the passage of the act, but rather to the meaning of the statute as viewed in the light of present-day conditions.

Long ago, the legislature conferred upon certain cities of the state jurisdiction over the public streets within such cities and the right to control, regulate, and remove obstructions thereon. Art. 1175, R. S. In addition thereto, the legislature has treated, by special legislation, the subject of parking motor vehicles upon highways—for instance: Art. 827a, Sec. 10, Vernon's P. C., which prohibits parking certain vehicles upon public highways outside of an incorporated city; also by Art. XII. under Art. 670ld, R. S., being the Uniform Act Regulating Traffic on Highways, which covers the stopping, standing, and parking of vehicles upon the public highways.

Obviously, if Art. 784, P. C., made unlawful the parking of vehicles upon the highways of this state, within or without an incorporated city, no necessity existed for the legislature to enact the special legislation. The fact that the legislature did so tends strongly to suggest that Art. 784, P. C., was not interpreted as prohibiting the parking of vehicles upon a public highway.

We are constrained, therefore, to agree with the appellant's contention that the instant facts do not show an obstruction of a public highway, within the meaning of Art. 784, P. C.

In reaching this conclusion we are not passing upon the question of appellant's right to park his motor vehicle on the street, as here shown, or to sell merchandise therefrom. Those questions are not here involved or presented.

For the reason assigned, the judgment is reversed and the cause remanded.

Opinion approved by the court.