Donald Lee MORRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–620–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 2002.

Stephen C. Taylor, Galveston, for appellant.

B. Warren Goodson, Jr., Asst. Crim. Dist. Atty., Michael J. Guarino, Crim. Dist. Atty., Galveston, for state.

Before Justices YAÑEZ, RODRIGUEZ, and BAIRD.[1]

### OPINION

Opinion by Justice BAIRD (Assigned).

Appellant was charged by indictment with the offense of possession of a controlled substance, namely cocaine. The indictment also alleged two prior felony convictions for the purpose of enhancing the range of punishment. The trial judge found appellant guilty of the charged offense. Appellant pled true to the enhancement allegations, and punishment was assessed at two years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises a single point of error. We affirm.

### I. Preservation of Error.

■ Appellant contends the trial judge erred in denying the motion to suppress the contraband alleged in the indictment. The State counters that this point of error is not preserved for our review. Some background is necessary to put the preservation issue in context.

Appellant's case was initially scheduled for a jury trial. However, appellant waived his right to trial by jury, and elected to have the trial judge determine the issue of guilt. Prior to commencement of the trial, counsel for appellant reminded the judge that appellant's motion to suppress was pending and asked the judge to consider that motion "at the same time the trial proceeds." The judge agreed.

The State's presentation of its case in chief was brief, consisting of only two witnesses. The first witness was the arresting officer who described the seizure of the alleged cocaine. The second witness was the chemist who analyzed the substance and determined it was, in fact, cocaine. The State then moved to introduce the cocaine into evidence, and defense counsel stated "no objection." The trial judge admitted the evidence.

When the State subsequently rested, both sides argued the merits of the motion to suppress. After lengthy and spirited arguments, the trial judge found the vehicle in which appellant was a passenger had been legally stopped and that appellant voluntarily abandoned the contraband upon seeing the arresting officer. The trial judge concluded the suppression issue by stating: "I'm going to deny the motion to suppress." Appellant then put on his case in chief and after resting, sought to re-urge the motion to suppress. The State objected, stating: "Your Honor, I believe that the Court has previously decided this issue, and we would urge the Court not to relitigate that matter. We believe the motion to suppress was denied appropriately." The trial judge briefly responded by commenting upon a matter related solely to the suppression motion. The trial judge then instructed both sides to argue the issue of guilt.

■ As a general rule, article 28.01 prescribes the pretrial motion practice for criminal cases.[2] TEX.CODE CRIM. PROC. ANN. art. 28.01 (Vernon 1989). However, the terms of article 28.01 are not mandatory, and the question of whether to hold a

---

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. Of course, article 28.01 is not the only article dealing with pretrial motions. *See e.g.,* TEX.CODE CRIM. PROC. ANN. art. 1.14(b).

hearing on a pretrial motion to suppress evidence rests within the sound discretion of the trial judge. *Calloway v. State,* 743 S.W.2d 645, 649 (Tex.Crim.App.1988); *State v. Reed,* 888 S.W.2d 117, 119 (Tex. App.-San Antonio 1994, no pet.); *Montalvo v. State,* 846 S.W.2d 133, 137 (Tex.App.-Austin 1993, no pet.).

The State's preservation argument is based on the line of cases holding that "[w]hen an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling." *Dean v. State,* 749 S.W.2d 80, 83 (Tex.Crim.App.1988). Typically, the defendants in those cases filed pretrial motions to suppress evidence which were overruled *prior* to trial. *Id.* at 82–83. At trial, when the State subsequently offered the complained of evidence, the defendants affirmatively stated that they had no objection. *Id.* The *Dean* Court held this constituted an affirmative waiver of the defendant's right to assert on appeal that the trial judge erred by overruling the motion to suppress. *Id.* However, in the instant case, the trial judge did *not* hold a pretrial hearing on the suppression issue, but rather agreed to carry the motion with the trial. Therefore, there was no pretrial ruling in the instant case.[3]

The case of *Gearing v. State,* 685 S.W.2d 326 (Tex.Crim.App.1985), *overruled on other grounds, Woods v. State,* 956 S.W.2d 33 (Tex.Crim.App.1997), is factually indistinguishable from the instant case. In *Gearing,* the defendant filed a pre-trial motion to suppress. The trial judge suggested it be "carried along" with the jury trial, and ruled upon when the issue was raised. Defense counsel agreed. Subsequently, the defendant waived trial by jury. At the bench trial when the evidence was offered defense counsel expressly stated, "No objection." After the conclusion of all the testimony, the trial judge permitted argument on the motion to suppress and overruled the motion. *Id.* at 329. Despite the State's argument that the issue was not preserved for appellate review, the Court of Criminal Appeals reached the merits of the suppression issue. In addressing the question of preservation, the Court stated: "In the instant case the appellant failed to obtain a pre-trial ruling on the said motion, and stated 'no objection' at trial upon offer of the pistol. It would appear he waived the error, if any, unless it can be argued that in permitting counsel to argue the pre-trial motion after trial and ruling upon the same, *the court in an unorthodox manner allowed the preservation of error,* if any. Be that as it may, no error in our opinion is presented upon consideration of the merits." *Id.* at 329–30 (emphasis supplied).

Similarly, in the instant case, the motion to suppress was carried along with the bench trial, and the trial judge permitted the parties to argue the motion after the evidence was admitted and the State rested its case in chief. The trial judge specifically overruled the motion. Later when appellant sought to reurge the motion, the State argued the matter should not be relitigated because the trial judge had correctly denied the motion in the first instance. The record is clear that both parties and the trial judge were operating under an agreement that the motion to suppress would be carried along with the trial and that the motion would be argued when the State rested it case in chief.

---

**3.** The instant case is also distinguishable from *Calloway v. State,* 743 S.W.2d 645 (Tex.Crim. App.1988), where the trial judge refused to hold a hearing on the motion to suppress.

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App. 1981). Therefore, it must meet the requirements of an objection. *Mayfield v. State*, 800 S.W.2d 932, 935 (Tex.App.-San Antonio 1990, no pet.). An objection must be timely made with sufficient specificity to make the trial court aware of the complaint. Tex.R.App. P. 33.1(a)(1)(A); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim.App.1995). The specificity requirement has a dual objective: (1) to inform the trial judge of the basis for the objection; and (2) to provide opposing counsel the opportunity to remove the objection or supply other testimony. *Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App.1990); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977); *Callahan v. State*, 937 S.W.2d 553, 557 (Tex.App.-Texarkana 1996, no pet.). As to the first objective, the trial judge was fully aware of the basis upon which appellant believed the contraband should be suppressed, and the trial judge was afforded an opportunity to rule on the objection/motion when the State rested. Moreover, the State was in no way operating at a disadvantage because there was no other evidence which the State could have offered to prove its case in chief. Therefore, the State did not have the capacity to "remove the objection or supply other testimony."

While the instant course of conduct may seem "unorthodox," it strikes us as an efficient use of the court's time and scarce judicial resources, and should not serve as a means to waive appellate review of an issue which the parties ultimately argued and the trial judge ruled upon. Indeed, it would be fatuous for us to now hold this issue was not preserved in light of those arguments and ruling. Therefore, we hold that the unitary proceeding in the instant case allowed for the preservation of error.

*Gearing*, 685 S.W.2d at 330. Accordingly, the issue has been preserved for our review, and as the Court of Criminal Appeals did in *Gearing*, we will address the merits of appellant's sole point of error.

## II. Factual Summary.

On February 19, 2000, at approximately 11:30 a.m., Galveston County Sheriff's Officer Brad Golden was traveling northbound on 12th Street, a two lane road in a residential area of Bacliff. Golden saw a vehicle "stopped in the roadway." The vehicle was in the right/northbound lane facing north, which Golden stated was the proper side of the roadway. Golden stated there were no other vehicles between his patrol car and the stopped vehicle, and the stopped vehicle was not obstructing traffic. He also testified that "there was plenty of room" for other vehicles to proceed in the southbound lane, but a vehicle traveling northbound would have to use the southbound lane to pass. Golden stated the stopped vehicle created a hazardous condition because of the inability of vehicles to pass the stopped vehicle if another vehicle was coming southbound, and if children chose to play around the vehicle. However, he admitted that neither of these conditions were present when he saw the stopped vehicle.

As Golden drove nearer, he saw appellant enter the passenger side of the vehicle which then proceeded northbound on 12th Street. Golden testified the driver was not wearing a seatbelt. Golden activated his emergency equipment and the vehicle pulled to the side of the street and stopped.

Golden approached the passenger side of the vehicle to avoid standing in the street. As he approached, Golden saw appellant stick his hand out of the window and drop something to the ground. Gold-

en walked to that area of the ground and saw "a little off-colored yellowish colored rock" which he believed to be crack cocaine. Appellant was then removed from the vehicle; a pat down search revealed a crack pipe. After handcuffing appellant and placing him in the patrol car, Golden retrieved the object. Golden field tested the substance, and received a positive reaction for cocaine. Golden then issued a citation to the driver of the vehicle for obstructing the roadway, and permitted her to leave the scene.[4]

### III. Legality of the Stop.

Appellant argues the trial judge erred in not suppressing the cocaine seized by Golden because the stop of the vehicle in which appellant was a passenger was illegal.

### A. Standard of Appellate Review.

■■■■ An appellate court reviews the trial judge's ruling whether to admit or exclude evidence under an abuse of discretion standard. *Wilks v. State*, 983 S.W.2d 863, 866 (Tex.App.-Corpus Christi 1998, no pet.). In conducting this review, we give almost total deference to a trial judge's determination of historical facts and application of law to fact questions that turn on credibility and demeanor, we then review *de novo* application of law to fact questions that do not turn upon credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). In other words, we give almost total deference to the trial judge in determining what the actual facts are, and then we review *de novo* whether those facts are sufficient to provide legal justification for obtaining the complained of evidence. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim.App.2001). Where the trial court does not make explicit findings of historical facts, we review the evidence in the light most favorable to the trial

court's ruling. *Walter v. State*, 28 S.W.3d 538, 540 (Tex.Crim.App.2000).

■■■■ Stopping an automobile and detaining its occupants constitutes a "seizure" within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996); *Delaware v. Prouse*, 440 U.S. 648, 653–54, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *United States v. Martinez–Fuerte*, 428 U.S. 543, 556–58, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Brignoni–Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). A peace officer's decision to stop an automobile is reasonable under the Fourth Amendment when the officer has probable cause to believe the driver committed a traffic offense. *Whren*, 517 U.S. at 810, 116 S.Ct. at 1772; *Walter*, 28 S.W.3d at 542. If an actual violation of law is observed, there is probable cause for the traffic stop, and law enforcement officials are free to enforce the laws and detain a person for that violation. TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim.App.1992); *Williams v. State*, 726 S.W.2d 99, 101 (Tex.Crim.App.1986); *Howard v. State*, 932 S.W.2d 216, 218 (Tex. App.-Tyler 1996, pet. ref'd) (holding officer's testimony that violation of a statute has occurred is sufficient to show probable cause to make an arrest without a warrant). Therefore, a violation of a traffic law in an officer's presence is sufficient authority for an initial stop of a vehicle. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Crim.App.1982); *Valencia v. State*, 820 S.W.2d 397, 400 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd).

### B. Obstructing a Highway or Other Passageway

■■■■ Giving almost total deference to the trial judge in determining the histori-

---

4. Golden was unsure if he also cited the driver for failure to wear a seatbelt.

cal facts, we believe those facts to be that the vehicle in which appellant was a passenger was stopped in the northbound lane of a two lane street in such a way that it could not be passed without entering the southbound lane of traffic. The question then becomes whether those facts, when viewed *de novo* are sufficient to establish a violation of the law.[5]

Section 42.03 of the Texas Penal Code prescribes obstructing a highway or other passageway. TEX. PEN.CODE ANN. § 42.03 (Vernon 1994). The portion of that statute applicable to the instant case makes it unlawful to intentionally, knowingly or recklessly obstruct a street. Sec. 42.03(a)(1). In this section, obstruct means "to render impassable or to render passage unreasonably inconvenient or hazardous." Sec. 42.03(b). There is little authority in this area. The leading case is *Threadgill v. State*, 156 Tex.Crim. 265, 241 S.W.2d 151 (1951), which interpreted Article 784 of the Penal Code, the predecessor of the present statute. There the defendant parked two semi-trailers on the side of Main Street in Houston. From these trailers, the defendant sold fireworks; the customers stopped their cars along and upon Main Street to make their purchases. This "caused a dangerous traffic hazard which at times . . . obstructed a part of the paved portion of the street." 156 Tex. Crim. at 265–66, 241 S.W.2d at 152. The *Threadgill* Court interpreted the statute as not prohibiting the parking of vehicles upon a public highway, and consequently held the evidence was insufficient to show "an obstruction of a public highway, within the meaning of Art. 784, P.C." 156 Tex. Crim. at 267, 241 S.W.2d at 153. Conversely, in *Brightbill v. State*, 734 S.W.2d

733, 735 (Tex.App.-Amarillo 1987, no writ), the defendant parked his vehicle in a ditch being graded by a road grader, forced the grader out of the ditch which was part of a public road used for passage and instructed the crew to leave. The *Brightbill* Court found this evidence sufficient to prove the defendant intentionally rendered passage unreasonably inconvenient or hazardous for the road grader. 734 S.W.2d at 734.

The facts presented in the instant case are much more closely in line with *Threadgill*, than *Brightbill*. While the instant vehicle was parked in the northbound lane of traffic, it was not obstructing southbound traffic and was passable by northbound motorists entering the southbound lane, passage was not unreasonably inconvenient because there was no traffic. As one scholar has commented, no violation of the statute is proven "by evidence that shows the defendant only caused a slower passage or momentarily impeded progress." 6 MICHAEL B. CHARLTON, TEXAS PRACTICE: TEXAS CRIMINAL LAW § 24.4 (1994). Additionally, the vehicle did not, and indeed could not have created a hazardous condition because there were no children at play at the time the vehicle was stopped. To hold the vehicle obstructed a roadway under these circumstances, would subject virtually every mail carrier and delivery person to prosecution on a daily basis. This would be an absurd result which we must avoid. *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991). Accordingly, we hold the trial judge abused his discretion in denying appellant's motion to suppress on the basis that Golden ob-

---

**5.** We pause briefly to note that standing is not an issue because a passenger in a vehicle can challenge the search of a vehicle in which he is riding if the search resulted from an infringement, such as an illegal detention, of the passenger's Fourth Amendments rights. *Carroll v. State*, 56 S.W.3d 644, 650 (Tex.App.-Waco 2002, pet. ref'd) (citing *Lewis v. State*, 664 S.W.2d 345, 348 (Tex.Crim.App.1984)).

served a violation of Section 42.03 of the Texas Penal Code.

## C. Seatbelt Violation.

 If the judge's ruling is correct under any theory of law applicable to the case, we must uphold the ruling. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim. App.1990). Therefore, even though the trial judge erred in holding the stop of the vehicle in which appellant was a passenger was justified under section 42.03, we must nevertheless determine if the denial of the motion to suppress was proper under an alternative theory. On redirect examination, Golden testified as follows:

Q. Deputy Golden, did the driver have her seatbelt on?

A. No.

Q. Is that a violation of the laws of the State of Texas?

A. Yes.

Q. Is that also probable cause to pull over any vehicle, a driver with no seatbelt on?

A. Yes.

Appellant conceded at trial that the judge, in part, overruled the motion to suppress "based on the fact that [the trial judge] believed [Golden's] testimony regarding the seatbelt." [6]

Section 545.413 of the Transportation Code provides that a person violates Texas law if he operates a vehicle without wearing a seatbelt. TEX. TRANSP. CODE ANN. § 545.413 (Vernon Supp.2001). This violation may serve as justification to effectuate a lawful stop of a vehicle. *Madison v. State*, 922 S.W.2d 610, 612 (Tex.App.-Texarkana 1996, pet. ref'd) (seatbelt violation in officer's view gave officer probable cause to arrest and search). Accordingly, we hold the trial judge did not abuse his discretion in holding Golden had an alternative legal basis to stop the vehicle in which appellant was a passenger.

## IV. Abandonment.

 Our law is well established that the Fourth Amendment does not protect those who voluntarily abandon property. *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *Hester v. United States*, 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898 (1924). Therefore, when officers take possession of voluntarily abandoned property, there is no seizure under the Fourth Amendment. *Hawkins v. State*, 758 S.W.2d 255, 257 (Tex.Crim. App.1988). Voluntary abandonment occurs if: (1) the defendant intended to abandon property, and (2) the decision to abandon the property was not induced by police misconduct. *Brimage v. State*, 918 S.W.2d 466, 507 (Tex.Crim.App.1996).

 As for the first prong, the test for determining when an object has been abandoned is one of intent, which may be inferred from words spoken, acts done, and other objective facts. *Armstrong v. State*, 966 S.W.2d 150, 153 (Tex.App.-Austin 1998, no pet.) (internal quotation marks and citations omitted). The accused need not have abandoned the item in the strict

---

**6.** This concession came after appellant's case in chief where the driver of the vehicle forcefully testified that she had been wearing her seatbelt before being stopped by Golden. However, when determining whether the trial judge abused his discretion in overruling a motion to suppress we consider only the evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim.App. 1996); *Hardesty v. State*, 667 S.W.2d 130, 135 n. 6 (Tex.Crim.App.1984). As noted in Part I, supra, the suppression hearing occurred during the State's case in chief.

An exception to this general rule is applicable where the suppression issue has been consensually re-litigated by the parties during trial on the merits. *Hardesty v. State*, 667 S.W.2d 130, 135 (Tex.Crim.App.1984). However, that exception is not applicable in the instant case.

property sense, where an intent to relinquish ownership must be shown; merely an intent voluntarily to relinquish his privacy interest is sufficient. *Id.* Even though a person may have a subjective intent to regain possession of his property, if he places or throws it into an area open to the public he has abandoned his property for search and seizure purposes. In the instant case, appellant dropped the cocaine on the roadside of a public street. Accordingly, we find appellant intended to abandon the property.

Regarding the second prong, we have previously found the trial judge did not abuse his discretion in finding Golden had an alternative legal basis to stop the vehicle in which appellant was a passenger. Part III, C, *supra.* Because that stop was lawful, appellant's abandonment of the contraband was not induced by police misconduct.

Accordingly, we hold the trial judge did not err in overruling appellant's motion to suppress. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.