COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-135-CR
  
  
THE 
STATE OF TEXAS                                                                  STATE
 
V.
 
ROYCE 
LYNN GOODRUM                                                          APPELLEE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        The 
State appeals from the trial court’s order granting Royce Lynn Goodrum’s 
motion to suppress. See Tex. Code 
Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2004). We will reverse 
and remand.
        Officer 
C.A. Hunt, a certified peace officer for the City of Sansom Park, testified as 
the only witness at the hearing on Goodrum’s motion to suppress. He testified 
that on November 2, 2002, at approximately 12:45 a.m., he was on routine patrol 
on State Highway 199, Jacksboro Highway, when he observed a vehicle driven by 
Goodrum traveling about 20 miles per hour on the highway and swerving within its 
lane. The vehicle then made a right hand turn into a parking lot, but missed the 
entrance to the lot and jumped the curb. After following the car for two blocks, 
observing the car’s swerving and curb-jumping, Officer Hunt initiated a 
traffic stop. Officer Hunt testified that by traveling 20 miles per hour in a 45 
mile per hour speed zone Goodrum committed the traffic offense of impeding 
traffic on a public highway. He also testified that Goodrum committed the 
traffic offense of failing to drive in a single marked lane. On 
cross-examination, Officer Hunt conceded that no minimum speed limit is posted 
on Jacksboro Highway, that no traffic was backed up behind Goodrum, and that 
Goodrum’s swerving was within her lane.
        The 
trial court granted Goodrum’s motion to suppress on March 26, 2003. The State 
submitted, and the trial court signed, first amended proposed findings of fact 
and conclusions of law two days later, on March 28, 2003. These findings of fact 
included a finding that “Officer Hunt was a credible and reliable witness.” 
Subsequently, after the State had perfected an appeal to this court, on May 8, 
2003, the trial court ordered the findings of fact modified “in the following 
manner: that portion of the Findings dealing with the credibility of the officer 
is deleted from the record the Court makes no finding on the issue of 
credibility.” The trial court stated on the record that if he had read the 
findings more closely, “I would have never signed the order that said I found 
the police officer to be credible.”[2]  
Subsequently, the parties filed briefs in this court, and the case was argued on 
March 3, 2004.
        We 
review a trial court’s ruling granting a motion to suppress by giving almost 
total deference to a trial court's determination of the historical facts that 
the record supports. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 
2000). At a suppression hearing, the trial judge is the sole trier of fact and 
judge of the credibility of the witnesses and the weight to be given their 
testimony. Id. at 855. We afford the same amount of deference to the 
trial court's rulings on mixed questions of law and fact if the resolution of 
those questions turns on an evaluation of credibility and demeanor. Carmouche 
v. State, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000); Guzman v. State, 
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We review de novo the trial court's 
application of law to those facts in the determination of reasonable suspicion 
and probable cause. Carmouche, 10 S.W.3d at 327-28; Guzman, 955 
S.W.2d at 88-89.
        The 
first issue we address is whether, as the State contends, we are bound by the 
trial court’s finding that Officer Hunt was credible, or whether, as Goodrum 
contends, we are bound by the trial court’s subsequent, express determination 
that he made no finding as to the credibility of Officer Hunt. The trial 
court’s modified fact finding—making no determination as to Officer Hunt’s 
credibility—is of no consequence here given the trial court’s unmodified 
fact findings that: Goodrum operated a motor vehicle in a public place on 
November 2, 2002, at 12:45 a.m. in Tarrant County, Texas; Officer Hunt observed 
Goodrum driving 20 miles per hour in a 45 mile per hour speed zone; Officer Hunt 
saw Goodrum weaving within her lane of traffic; and Officer Hunt saw Goodrum 
drive over a curb as she attempted to turn into a parking lot. We give deference 
to these historical facts found by the trial court. See Ross, 32 S.W.3d 
at 855.
        Stopping 
an automobile and detaining its occupants is a "seizure" within the 
meaning of the Fourth Amendment. See, e.g., Spight v. State, 76 S.W.3d 
761, 766 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Morrison 
v. State, 71 S.W.3d 821, 827 (Tex. App.—Corpus Christi 2002, no pet.). A 
peace officer's decision to stop an automobile is reasonable under the Fourth 
Amendment when the officer has reasonable articulable suspicion that criminal 
activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 
1884 (1968); McQuarters v. State, 58 S.W.3d 250, 255 (Tex. App.—Fort 
Worth 2001, pet. ref’d) (upholding stop based on reasonable suspicion DWI was 
occurring); Dowler v. State, 44 S.W.3d 666, 669 (Tex. App.—Austin 2001, 
pet. ref’d) (same). Reasonable suspicion exists when, based on the totality of 
the circumstances, the officer has specific articulable facts which lead him to 
conclude that the person is, has been, or soon will be engaged in criminal 
activity. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).
        Goodrum 
frames the issue before us as only whether Officer Hunt possessed a reasonable 
suspicion that Goodrum committed a traffic offense. Goodrum contends that 
“the State here never established or even argued that Goodrum’s observed 
behavior could establish a reasonable suspicion that she was intoxicated.” At 
the suppression hearing, the State argued,
 
the 
State’s argument is that driving under the speed, here 20 miles an hour in a 
45 mile an hour zone, plus the other indication of driving over a curb, moving 
within and out of a lane - - or within the lane, but bouncing off the lines . . 
. leads an officer to have reasonable suspicion that a crime might be going on 
such as DWI.

Thus, 
although Officer Hunt testified he initiated the stop based on traffic 
violations, the issue of whether the facts known to and observed by Officer Hunt 
objectively supported a reasonable suspicion that Goodrum was driving while 
intoxicated was placed squarely before the trial court. The trial court made a 
conclusion of law that, in part, provides: “The circumstances observed and 
relied upon by Officer Hunt did not objectively support a reasonable suspicion 
that the Defendant actually was, had been, or would soon be engaged in criminal 
activity.” We review de novo the trial court's application of law to the 
historical facts in its determination that no reasonable suspicion of DWI 
existed. See Carmouche, 10 S.W.3d at 327-28; Guzman, 955 S.W.2d at 
88-89.
        During 
Officer Hunt’s 12:45 a.m. observation of Goodrum’s vehicle for two blocks, 
he observed her driving 20 miles per hour in a 45 mile per hour speed zone, 
swerving within her lane of traffic—“bouncing from the white stripe, the 
center stripe, to the shoulder of the roadway,” and turning into a parking lot 
by partially jumping the curb. Reviewing de novo the application of the law to 
these facts, it is clear that the circumstances Officer Hunt viewed gave rise to 
a reasonable, articulable suspicion that Goodrum was committing the criminal 
offense of DWI. See McQuarters, 58 S.W.3d at 255; Dowler, 
44 S.W.3d at 669; see also Brother v. State, 85 S.W.3d 377, 381 (Tex. 
App.—Fort Worth 2002, pet. filed) (holding report by 911 caller of erratic 
driving, similar to that at issue here, provided reasonable suspicion driver was 
intoxicated). We hold that the trial court abused its discretion by holding 
otherwise. We sustain the State’s sixth point of error, reverse the trial 
court’s suppression ruling, and remand this case to the trial court.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 6, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Goodrum claims the trial court expressly disbelieved portions of Officer 
Hunt’s testimony. The record before us, however, reflects only that the trial 
court amended its fact findings to “makes no finding,” favorable or 
unfavorable, on the issue of Officer Hunt’s credibility.