ro2434opin.cp1





















NUMBER 13-02-434-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

SANTIAGO GONZALEZ ALVAREZ,                                           Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez

 
          In a single issue, appellant, Santiago Alvarez, challenges the trial court’s denial of
his pre-trial motion to suppress. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Background
          Appellant’s vehicle was stopped by a Department of Public Safety (DPS) officer for
alleged traffic violations. After obtaining appellant’s consent to search the vehicle, drugs
were found behind the dashboard. Appellant was indicted for possession of more than 400
grams of cocaine.


 After the trial court denied his pre-trial motion to suppress, appellant
filed an “open” plea of nolo contendere to the offense charged. Following a sentencing
hearing, the trial court assessed punishment at fifteen years imprisonment and a $5,000
fine.
Standard of Review
          The proper standard of review for an appeal stemming from a suppression ruling
is a bifurcated review, giving almost complete deference to the fact findings of the trial
court, but reviewing de novo the court’s application of the law to those facts. Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Where, as here, there are no
findings of fact filed by the trial court, we “review the evidence in a light most favorable to
the trial court’s ruling.” Id.
Analysis
          By a single issue, appellant contends: (1) the traffic stop was unlawful; and (2) the
search and seizure of his vehicle violated the Fourth Amendment.
          Regarding his first contention, appellant failed to preserve for review any challenge
to the legality of the stop. He did not object to the legality of the stop either in his motion
to suppress or at the hearing on the motion. In his motion to suppress, appellant
complained only on the ground that he was “detained for such an extended time that the
detention transformed a permissible traffic stop into a violation of the defendant’s rights
under the Fourth Amendment.”
          “A motion to suppress evidence is nothing more than a specialized objection to the
admissibility of evidence.” Morrison v. State, 71 S.W.3d 821, 826 (Tex. App.–Corpus
Christi 2002, no pet.) (citing Galitz v. State, 617 S.W.2d 949, 952 n. 10 (Tex. Crim. App.
1981)). “Therefore, it must meet the requirements of an objection.” Id. Objections must
be timely and specific


 in order to preserve error for appellate review. See Tex. R. App. P.
33.1(a)(1)(A). Also, the complaining party must have obtained an adverse ruling from the
trial court. See id. at 33.1(a)(2)(A-B). Finally, the objection made at trial must correspond
with the issue on appeal. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).
          Appellant’s complaint on appeal as to the legality of the traffic stop meets none of
these criteria. The complaint was neither timely nor specific, in that appellant never
objected to the stop itself in the motion to suppress or at the hearing. No adverse ruling
was received on this ground, as it was not before the trial court. Moreover, this complaint
(illegality of the stop) does not correspond with the objection made in the motion to
suppress (extended detention).
          An objection asserted for the first time on appeal is tantamount to making no
objection at trial. Marin v. State, 851 S.W.2d 275, 277-80 (Tex. Crim. App. 1993). Absent
a proper objection at trial, a litigant cannot assert the complaint on appeal. See Tex. R.
App. P. 33.1(a). Thus, we cannot consider appellant’s first contention under his sole issue
because it was not preserved for our review.



          As for appellant’s second contention, we conclude it is inadequately briefed. See
Tex. R. App. P. 38.1; see also McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App.
2001) (where appellant fails to present legal authority and fails to apply the law to the facts,
issue is inadequately briefed and presents nothing for review). “In making such an
argument, appellant must ground his contention in analogous case law or provide the court
with the relevant jurisprudential framework for evaluating his claim.” Tong v. State, 25
S.W.3d 707, 710 (Tex. Crim. App. 2000). Appellant cites neither case law nor the record
for support of his argument that the search and seizure of his vehicle violated the Fourth
Amendment. In failing to provide any relevant authority suggesting how the officer’s
actions violated any of appellant’s constitutional rights, we hold the issue to be
inadequately briefed, and therefore, we do not address it. See Tex. R. App. P. 38.1. 
          We have considered both of appellant’s contentions within his sole issue, and they
are both overruled. Thus, appellant’s sole issue is overruled and the judgment of the trial
court is AFFIRMED.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
22nd day of July, 2004.