NUMBER 13-04-244-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




FABIO SANTIAGO CRUZ,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 105th District Court
of Nueces County, Texas.




MEMORANDUM OPINION




Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Castillo

         By one issue, appellant Fabio Santiago Cruz asserts that the trial court abused
its discretion in denying his motion to suppress illegally seized evidence.


 The State
counters that the seizure of the cocaine was justified under the plain view doctrine. 
We affirm.
I. Background



         The indictment charged Cruz with possession of cocaine. Cruz filed a motion
to suppress, asserting the cocaine was seized without a warrant or probable cause. 
The trial court convened a hearing on Cruz's motion to suppress. The arresting officer,
Bryan Hager, testified that he had six years' law enforcement experience, including
drug enforcement and "anything that goes on in the street." Officer Hager testified
that, on or about December 12, 2003, he responded to a dispatch regarding an assault
on a child. Reportedly, while at a friend's residence, Cruz gave a dollar bill to a minor
child sitting on his lap, hugged her, and kissed her inappropriately. Witnessing the
incident, the friend yelled at Cruz who immediately fled. 
         The child’s mother directed Hager to Cruz's residence. Hager testified that his
intent to contact Cruz was to investigate the assault on a child report. Through the
screen door of Cruz's apartment, Hager saw a man who identified himself as Cruz. 
Hager asked Cruz if he could enter because he had to talk to him. Cruz agreed. Cruz
stood beside a table. In plain view on top of the table, Hager saw a pink baggie which
appeared to contain a substance he believed to be cocaine. The baggie was about the
size of a stamp. Hager testified that the packaging was common for illegal drugs. 
Hager handcuffed Cruz. On cross-examination, Hager testified that, because other
officers were present, he could have secured the scene and obtained a search warrant. 
He testified that Cruz did not consent to the search of the apartment. Hager did not
confirm the substance in the baggie was an illegal drug. Although Cruz was
intoxicated, Cruz understood Hager's questions and communicated in English. 
         Cruz testified that, while at his residence, he responded to a knock at the door. 
Believing a friend was there, he opened the door. The officer at the door told Cruz he
was under arrest but did not provide a reason. Cruz testified that the officer did not
ask permission to enter and "they just came in." Cruz denied giving permission to the
officer to enter his residence. Once inside, the officer proceeded to the dining room
table, situated approximately ten feet away, and collected the baggie. Cruz admitted
that the officer found the baggie and then told him he was under arrest. Cruz 
conceded that the baggie was on the table and not hidden. 
         The trial court found the officer’s testimony to be credible and denied the
motion to suppress. 
II. Standard of Review
         At a suppression hearing, the trial court is the sole finder of fact. Arnold v.
State, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993). The trial court is free to believe
or disbelieve any or all of the evidence presented. Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990) (en banc); see Johnson v. State, 803 S.W.2d 272, 287
(Tex. Crim. App. 1990) (en banc). Thus, in reviewing a trial court's ruling on a motion
to suppress, we give almost total deference to the trial court's determination of
historical facts and application-of-law-to-fact questions that turn on credibility and
demeanor. Perales v. State, 117 S.W.3d 434, 437 (Tex. App.–Corpus Christi 2003,
pet. ref'd); Morrison v. State, 71 S.W.3d 821,  827 (Tex. App.–Corpus Christi 2002,
no pet.) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en
banc)). We review de novo application-of-law-to-fact questions that do not turn on
credibility and demeanor. Morrison, 71 S.W.3d at 827 (citing Guzman, 955 S.W.2d
at 89). In the absence of explicit fact findings, we assume that the trial court's ruling
is based on implicit fact findings supported in the record. Perales, 117 S.W.3d at 437;
see Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (recognizing
implicit fact findings). We then review de novo whether the facts, express or implied,
are sufficient to provide legal justification for admitting the complained-of evidence. 
See Morrison, 71 S.W.3d at 827 (citing Garcia v. State, 43 S.W.3d 527, 530 (Tex.
Crim. App. 2001)). 
         We uphold a trial court's ruling on a suppression motion if it is reasonably
supported by the record and is correct on any theory of law applicable to the case.
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (en banc); Perales,
117 S.W.3d at 438. This is true even if the decision is correct for reasons different
from those espoused by the trial court. Romero, 800 S.W.2d at 543. 
III. Plain View Seizure
         The Fourth Amendment of the United States Constitution and article I, section
9 of the Texas Constitution guarantee the right to be secure from unreasonable
searches and seizures made without probable cause. U.S. Const. amend. IV; Tex.
Const. art. I, § 9; see Walter v. State, 28 S.W.3d 538, 540-41 (Tex. Crim. App.
2000). Police entry into a home without consent is a search and subject to the
protections of the Fourth Amendment. McNairy v. State, 835 S.W.2d 101, 106 (Tex.
Crim. App. 1991) (en banc). Warrantless intrusions and searches are presumptively
unreasonable. United States v. Karo, 468 U.S. 705, 717 (1984). A warrantless
search is permissible only in rare circumstances. Katz v. United States, 389 U.S. 347, 
357 (1967). The burden of proving any exception to the warrant requirement falls on
the prosecution. McDonald v. United States, 335 U.S. 451, 455-56 (1948). 
         "No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005). An exception is the plain view doctrine. The plain view doctrine
provides that, if an officer perceives a suspicious object while lawfully engaged in an
activity in a particular place, that officer may immediately seize the object. Zayas v.
State, 972 S.W.2d 779, 785 (Tex. App.–Corpus Christi 1998, pet. ref'd.) (citing
Texas v. Brown, 460 U.S. 730, 739 (1983); Harris v. United States, 390 U.S. 234,
236 (1968) (per curiam); Clark v. State, 548 S.W.2d 888, 889 (Tex. Crim. App.
1977)). Such seizure is presumptively reasonable, assuming that there is probable
cause to associate the property with criminal activity. Id. (citing Arizona v. Hicks, 480
U.S. 321, 326-37 (1987)). 
         Items in "plain view" may be seized by law enforcement personnel if (1) the
initial intrusion was proper, that is, the police have a right to be where they are when
the discovery is made; and (2) it is "immediately apparent" to the police that they have
evidence before them (probable cause to associate the property with criminal activity). 
Walter, 28 S.W.3d at 541 (citing Horton v. California, 496 U.S. 128, 134-36 (1990));
Haley v. State, 811 S.W.2d 600, 603 (Tex. Crim. App. 1992) (en banc). The
incriminating nature of an item is "immediately apparent" if the officer has probable
cause to believe that the item is either evidence of a crime or contraband. See Brown,
460 U.S. at 742. Probable cause does not demand any showing that such a belief be
correct or more likely true than false.


 Id. 
IV. Discussion
         In his sole issue, Cruz argues that the evidence was illegally seized because 
officer Hager did not have a warrant or reasonable or probable cause to seize the
evidence. See Walter, 28 S.W.3d at 541. Cruz does not dispute that the evidence
was in plain view;


 rather, he asserts that the issue is whether the incriminating nature
of the seized item was "immediately apparent." The State counters that seizure of the
baggie was justified under the plain view doctrine. The State asserts that the
"immediately apparent" requirement of the plain view doctrine was met because (1)
Cruz consented to the officer’s entry; and (2) the officer, an experienced police officer,
recognized the small baggie as a common way to package illegal drugs. 
         Viewed in the light most favorable to the trial court's ruling with proper
deference to the trial court's credibility determination, the evidence shows that, at the
time Hagar saw the property, he was lawfully engaged in an investigation of an assault
on a child report.


 According to officer Hager, and based on his experience in drug
enforcement, the property he saw in plain view during his investigation appeared to
be packaged in the same manner that illegal drugs are commonly packaged. Hager
believed the baggie contained cocaine.


 While this belief was not required to be
correct or more likely true than false in order to support probable cause, see Brown,
460 U.S. at 742, for purposes of the motion to suppress hearing, the trial court could
have taken judicial notice that the property seized was cocaine based on the
indictment before it. See Tex. R. Evid. 201.
         We conclude that sufficient articulable facts exist in this case to demonstrate
Hager's reasonable suspicion that the baggie he saw in plain view contained cocaine. 
Thus, we conclude that the State's proof met the "immediately apparent" requirement
of the plain view doctrine requiring probable cause to connect the seized item to
criminal activity. See Walter, 28 S.W.3d at 541. We conclude the cocaine,
discovered in plain view, was legally seized and, thus, admissible under the plain view
doctrine. Accordingly, the trial court did not abuse its discretion in denying the motion
to suppress. 
V. Conclusion
         We overrule Cruz's sole issue. We affirm the trial court's ruling. 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 2nd day of June, 2005.