NO. 07-04-0517-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 22, 2005



______________________________


 

CLIFTON M. MENTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404279; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Clifton M. Menton appeals his conviction for the felony offense of
possession of a controlled substance with intent to deliver. We will affirm.

 The events giving rise to appellant's prosecution occurred on the evening of
September 28, 2003 in the City of Lubbock. Officer Ronnie Roan was on foot patrol in an
area he described as high in street level drug trafficking. He observed two men waiting by
the side of a house and occasionally coming out to the street, waving and yelling at
vehicles driving by in an attempt to get them to stop. The men could not see Roan. He
watched them for approximately twenty minutes before calling another officer in a patrol car
to drive by. Roan described the men and their activities to officer Laz Walck. When Walck
arrived the men had started walking down the street. Walck pointed the spotlight of his
patrol car at the men and they turned onto another street. Walck turned to follow them and
observed appellant pull something from his pocket and toss it. Walck then got out of his
car and ordered both men to stop. When Roan arrived on foot Walck directed him to the
place where appellant had thrown the object. On the ground Roan found a plastic bag
containing what he believed to be crack cocaine. The officers arrested appellant and his
companion, Willie Anderson. Subsequent analysis determined the bag did contain cocaine,
resulting in appellant's indictment and prosecution.

 After the trial court denied several pretrial motions, including a motion to suppress,
the case was tried to a jury which found appellant guilty. The trial court assessed
punishment at twelve years confinement and payment of costs. Appellant now challenges
the judgment of the trial court in three points of error. His first point contends the trial court
erred in denying his motion to suppress because, he asserts, the officers did not have
reasonable suspicion to stop him. Appellant correctly states the general proposition that
evidence obtained as a result of an illegal search or seizure is inadmissible. See Mapp v.
Ohio, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961); Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon 2005). His argument on appeal does not specifically identify
what evidence he sought to have the trial court suppress. Review of the record does not
indicate the State sought to introduce any statement of appellant or Anderson. The State's
case was based on the officers' observations prior to the stop and the cocaine found by
Roan. Our analysis of appellant's point focuses on the cocaine.

 The cocaine forming the basis of appellant's prosecution was not obtained as a
result of a search or seizure. It was recovered after being discarded by appellant prior to
any attempted detention by police. See Morrison v. State, 71 S.W.3d 821, 830 (Tex.App.--Corpus Christi 2002, no pet.) (throwing property in area open to the public is an
abandonment for Fourth Amendment purposes). For search and seizure purposes, a
person has no privacy interest in abandoned or discarded property. Abel v. United States,
362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Hawkins v. State, 758 S.W.2d 255,
257 (Tex.Crim.App. 1988). Consequently, the Fourth Amendment protections against
unreasonable searches and seizures were not implicated and the cocaine was not subject
to suppression. We need not address whether the officers had reasonable suspicion to
stop and question appellant. (1) We overrule appellant's first point of error.

 In his second point appellant assigns error to the trial court's refusal to provide his
proposed instruction on reasonable suspicion. He argues the evidence raised an issue
concerning whether evidence was obtained in violation of the law, and Code of Criminal
Procedure Article 38.23 therefore required the jury be instructed to disregard any evidence
so obtained. For the reasons discussed in response to appellant's first point, we do not
agree the evidence raised an issue that any evidence presented by the State was obtained
in violation of the law. Appellant's second point of error is overruled.

 Appellant's third and final point of error complains of the trial court's refusal to allow
his girlfriend to testify that Willie Anderson had offered to testify that the cocaine belonged
to him. Appellant argues this hearsay testimony was admissible as an admission against
interest. See Tex. R. Evid. 803(24). He advances several arguments seeking to show this
exception to the general prohibition against hearsay evidence is applicable. Evidentiary
rulings are reviewed for abuse of discretion. Mozon v. State, 991 S.W.2d 841
(Tex.Crim.App. 1999).

 If the testimony was offered for the purpose of showing Anderson was the owner of
the cocaine possessed by appellant, the evidence was irrelevant to elements of the offense
and we need not address the applicability of Rule 803(24). Appellant was not charged or
convicted of owning a controlled substance, but for possessing it. See Tex. Health &
Safety Code Ann. § 481.112(a) (Vernon 2003). The proffered evidence was not relevant
to whether appellant possessed a controlled substance with intent to deliver it. See Tex.
R. Evid. 402. 

 The result would be the same if the testimony was proffered for the purpose of
showing officer Walck misidentified the person who threw the package of cocaine. 
Appellant concedes the testimony was hearsay and therefore inadmissible unless an
exception applies. See Tex. R. Evid. 801(d), 802. As he did in the trial court, appellant
argues the exception for hearsay testimony against the declarant's interest set out in Rule
803(24) is applicable here. The trial court questioned whether appellant had established
"corroborating circumstances clearly indicat[ing] the trustworthiness of the statement" as
required by that rule in criminal cases. Appellant argued the evidence showed appellant
and Anderson were in close proximity and "it perhaps could be Willie LaDale Anderson"
who committed the offense.

 In determining the adequacy of corroboration, a trial court should consider a number
of factors: (1) whether guilt of declarant is inconsistent with guilt of the defendant, (2)
whether declarant was so situated that he might have committed the crime, (3) the timing
of the declaration, (4) the spontaneity of the declaration, (5) the relationship between the
declarant and the party to whom the statement is made, and (6) the existence of
independent corroborative facts. Dewberry v. State, 4 S.W.3d 735, 751 (Tex.Crim.App.
1999).

 Appellant's argument emphasizes the physical similarity of appellant and Anderson. 
The question of which of the two men had thrown the package was fully developed during
Walck's testimony. His testimony was clear and specific, listing the clothing appellant was
wearing and his position relative to Anderson on the sidewalk. Most importantly, appellant
offers no independent facts corroborating the hearsay statement. Compare Dewberry, 4
S.W.3d at 752. The trial court did not abuse its discretion in finding the evidence
inadmissible. We overrule appellant's third point and affirm the judgment of the trial court.

 James T. Campbell

 Justice

Do not publish. 
1. We uphold a trial court's ruling on a motion to suppress if it is correct under any
theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543
(Tex.Crim.App. 1990).



I can draw from the two sets of representations is that Helena
contains more representations than were made in the case before the court. However, the
current state of the law is not grounded upon the number of representations, rather it is the
type of representations. I would also point out that the Autohaus case is distinguishable
because in that case the court points out that the representations in question were qualified
by the terms “probably” and “joked” and that these qualifiers demonstrated the generality
of the representations. Autohaus, Inc. v. Aguilar, 794 S.W.2d 459, 464 (Tex.App.–Dallas
1990, writ denied).
          Accordingly, I find that the representations were actionable and that the trial court
erred in granting either summary judgment. Therefore, I must dissent. 
 
                                                                           Mackey K. Hancock

                                                                                      Justice