NO. 07-04-0517-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 22, 2005

_____

CLIFTON M. MENTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404279; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Clifton M. Menton appeals his conviction for the felony offense of possession of a controlled substance with intent to deliver.  We will affirm.

The events giving rise to appellant's prosecution occurred on the evening of September 28, 2003 in the City of Lubbock.  Officer Ronnie Roan was on foot patrol in an area he described as high in street level drug trafficking.  He observed two men waiting by the side of a house and occasionally coming out to the street, waving and yelling at

vehicles driving by in an attempt to get them to stop. The men could not see Roan. He watched them for approximately twenty minutes before calling another officer in a patrol car to drive by. Roan described the men and their activities to officer Laz Walck. When Walck arrived the men had started walking down the street. Walck pointed the spotlight of his patrol car at the men and they turned onto another street. Walck turned to follow them and observed appellant pull something from his pocket and toss it. Walck then got out of his car and ordered both men to stop. When Roan arrived on foot Walck directed him to the place where appellant had thrown the object. On the ground Roan found a plastic bag containing what he believed to be crack cocaine. The officers arrested appellant and his companion, Willie Anderson. Subsequent analysis determined the bag did contain cocaine, resulting in appellant's indictment and prosecution.

After the trial court denied several pretrial motions, including a motion to suppress, the case was tried to a jury which found appellant guilty. The trial court assessed punishment at twelve years confinement and payment of costs. Appellant now challenges the judgment of the trial court in three points of error. His first point contends the trial court erred in denying his motion to suppress because, he asserts, the officers did not have reasonable suspicion to stop him. Appellant correctly states the general proposition that evidence obtained as a result of an illegal search or seizure is inadmissible. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961); Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). His argument on appeal does not specifically identify what evidence he sought to have the trial court suppress. Review of the record does not indicate the State sought to introduce any statement of appellant or Anderson. The State's

case was based on the officers' observations prior to the stop and the cocaine found by Roan. Our analysis of appellant's point focuses on the cocaine.

The cocaine forming the basis of appellant's prosecution was not obtained as a result of a search or seizure. It was recovered after being discarded by appellant prior to any attempted detention by police. *See Morrison v. State*, 71 S.W.3d 821, 830 (Tex.App.--Corpus Christi 2002, no pet.) (throwing property in area open to the public is an abandonment for Fourth Amendment purposes). For search and seizure purposes, a person has no privacy interest in abandoned or discarded property. *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *Hawkins v. State*, 758 S.W.2d 255, 257 (Tex.Crim.App. 1988). Consequently, the Fourth Amendment protections against unreasonable searches and seizures were not implicated and the cocaine was not subject to suppression. We need not address whether the officers had reasonable suspicion to stop and question appellant.[1] We overrule appellant's first point of error.

In his second point appellant assigns error to the trial court's refusal to provide his proposed instruction on reasonable suspicion. He argues the evidence raised an issue concerning whether evidence was obtained in violation of the law, and Code of Criminal Procedure Article 38.23 therefore required the jury be instructed to disregard any evidence so obtained. For the reasons discussed in response to appellant's first point, we do not

---

[1] We uphold a trial court's ruling on a motion to suppress if it is correct under any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

3

agree the evidence raised an issue that any evidence presented by the State was obtained in violation of the law. Appellant's second point of error is overruled.

Appellant's third and final point of error complains of the trial court's refusal to allow his girlfriend to testify that Willie Anderson had offered to testify that the cocaine belonged to him. Appellant argues this hearsay testimony was admissible as an admission against interest. *See* Tex. R. Evid. 803(24). He advances several arguments seeking to show this exception to the general prohibition against hearsay evidence is applicable. Evidentiary rulings are reviewed for abuse of discretion. *Mozon v. State*, 991 S.W.2d 841 (Tex.Crim.App. 1999).

If the testimony was offered for the purpose of showing Anderson was the owner of the cocaine possessed by appellant, the evidence was irrelevant to elements of the offense and we need not address the applicability of Rule 803(24). Appellant was not charged or convicted of owning a controlled substance, but for possessing it. *See* Tex. Health & Safety Code Ann. § 481.112(a) (Vernon 2003). The proffered evidence was not relevant to whether appellant possessed a controlled substance with intent to deliver it. *See* Tex. R. Evid. 402.

The result would be the same if the testimony was proffered for the purpose of showing officer Walck misidentified the person who threw the package of cocaine. Appellant concedes the testimony was hearsay and therefore inadmissible unless an exception applies. *See* Tex. R. Evid. 801(d), 802. As he did in the trial court, appellant argues the exception for hearsay testimony against the declarant's interest set out in Rule

4

803(24) is applicable here. The trial court questioned whether appellant had established "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement" as required by that rule in criminal cases. Appellant argued the evidence showed appellant and Anderson were in close proximity and "it perhaps could be Willie LaDale Anderson" who committed the offense.

In determining the adequacy of corroboration, a trial court should consider a number of factors: (1) whether guilt of declarant is inconsistent with guilt of the defendant, (2) whether declarant was so situated that he might have committed the crime, (3) the timing of the declaration, (4) the spontaneity of the declaration, (5) the relationship between the declarant and the party to whom the statement is made, and (6) the existence of independent corroborative facts. *Dewberry v. State*, 4 S.W.3d 735, 751 (Tex.Crim.App. 1999).

Appellant's argument emphasizes the physical similarity of appellant and Anderson. The question of which of the two men had thrown the package was fully developed during Walck's testimony. His testimony was clear and specific, listing the clothing appellant was wearing and his position relative to Anderson on the sidewalk. Most importantly, appellant offers no independent facts corroborating the hearsay statement. *Compare Dewberry*, 4 S.W.3d at 752. The trial court did not abuse its discretion in finding the evidence inadmissible. We overrule appellant's third point and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

5