COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEVEN MADINA ESPARZA, | § | No. 08-11-00120-CR |
| Appellant, | § | Appeal from the |
| v. | § | 211th District Court |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC# F-2010-0269-C) |
| | § | |

## **O P I N I O N**

Steven Madina Esparza ("Esparza") appeals the trial court's judgment convicting him of possession of 4 grams or more but less than 200 grams of cocaine, with intent to deliver, in a drug-free zone, enhanced by a prior felony conviction of burglary of a habitation, and sentencing him to 45 years' imprisonment. In two points of error, Esparza argues that his trial counsel provided ineffective assistance and that the trial court violated his constitutional right to a fair trial. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On the day the trial court called this case for trial and before *voir dire* began, Esparza, after being admonished by the trial court, pleaded guilty to the indicted offense and true to the enhancement paragraph subject to the trial court's ruling on his motion to suppress the search warrant. Having elected to have the trial court assess his punishment, Esparza asked the trial court to hear his motion to suppress at a subsequent hearing to take place immediately before the trial court began the punishment phase. At the conclusion of the hearing on the motion to

suppress, the trial court denied the motion and, immediately thereafter, began the punishment phase. During this phase, the State introduced several documents, including a pen packet, and Esparza, the only witness, testified in his defense. After considering all of the evidence, including Esparza's testimony, the trial court sentenced him to forty-five years in prison.

Esparza moved for a new trial, asserting that his conviction was contrary to the law and evidence and that his trial counsel rendered ineffective assistance because his "trial counsel did not accurately inform [him] of the entire punishment range in this cause . . . ." In support of his ineffective assistance claim, Esparza attached two affidavits to his motion for new trial. In his affidavit, Esparza stated that his trial counsel recommended that he reject the State's plea bargain offer, plead guilty, and elect to have the trial court assess punishment because it was likely the trial court would assess a punishment significantly lower than the one recommended in the State's offer. In the other affidavit, Esparza's girlfriend, Nicole Autry, reiterated almost verbatim what Esparza stated in his affidavit. The motion for new trial was overruled by operation of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first point of error, Esparza lists three complaints as the basis for his argument that his trial counsel provided ineffective assistance: (1) counsel failed to provide him with proper advice regarding punishment; (2) counsel failed to investigate his case; and (3) the cumulative impact of counsel's errors denied him a proper trial.

### *Standard of Review*

To establish that his trial counsel provided ineffective assistance, Esparza must show by a preponderance of the evidence that his counsel's representation fell below the standard of

prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex.Crim.App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex.Crim.App. 1999).

In evaluating whether trial counsel's representation fell below the standard of prevailing professional norms, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813-14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740, *quoting Mallett*, 65 S.W.3d at 63. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.*, *quoting Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable probability that, but for counsel's deficiency,

the result of the trial would have been different, we must be convinced that counsel's errors were so serious that they deprived the appellant of a fair trial; that is, a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In other words, an appellant bears the burden to establish that there is a reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id*. at 697, 104 S.Ct. at 2070.

### *Failure to Advise Properly Regarding Punishment*

Esparza argues that his trial counsel provided him erroneous advice regarding punishment[1] by assuring him that the trial court could not sentence him "to a term of imprisonment of greater than the offered plea of 15 years." Assuming, without deciding that trial counsel was ineffective by failing to provide proper advice regarding punishment,[2] Esparza has nevertheless failed to meet

---

[1] Contrary to Esparza's assertion that the standard enunciated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980), applies in analyzing trial counsel's representation during the punishment phase of a trial, the *Strickland* standard applies. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999)(overruling *Duffy*'s holding that *Strickland* did not apply to sentencing hearings).

[2] The following colloquy between Esparza and his trial counsel took place before Esparza pleaded guilty:

> [Defense Counsel]: Okay. Now, have I also discussed with you that your minimum in this case is 20 years?
> [Esparza]: Yes, sir.
> [Defense Counsel]: Okay. And the State today has offered you 20 years, which is the minimum. It can't be any less than that. You understand that?
> [Esparza]: Yes, sir.
> [Defense Counsel]: You understand that the maximum here could go up to 99 years or life?
> [Esparza]: Yes.
> [Defense Counsel]: Okay. Notwithstanding what you understand about all of that, are you rejecting the State's offer of 20 years?
> [Esparza]: Yes, sir.
> [Defense Counsel]: You want to go on and continue with trial?
> [Esparza]: Yes, sir.
> [Defense Counsel]: Nobody is forcing you to do this?
> [Esparza]: No, sir.

4

the second prong of the *Strickland* test with respect to this assertion.

Nowhere in his brief does Esparza make a specific assertion concerning how his trial counsel's alleged ineffectiveness regarding punishment harmed him. The closest Esparza comes are his general and global assertions that he needed correct advice to "make an informed decision as to how to best proceed given the charges he was facing" and that, had he received such advice, "there is a reasonable probability that the results of the proceeding would have been different." What Esparza does not state, however, is that had he known that the trial court could sentence him to more than fifteen years imprisonment, he would have made a different decision, such as accepting the State's offer or changing his punishment election, rather than allowing the trial court to make the determination. In other words, Esparza fails to assert affirmatively that he would not have elected to be sentenced by the court *but for* his trial counsel's advice. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Moreover, Esparza has not demonstrated that there is a reasonable probability that the result of the proceeding would have been different. There is no indication in the record that Esparza brings on appeal that the trial court would have accepted a plea bargain including a sentence of twenty years or that a jury would have sentenced Esparza to fewer years than did the trial court.

### *Failure to Investigate*

Esparza next contends that his trial counsel's failure to file motions, to review the prosecutor's file, and to examine the search warrant deprived him of "essential information [that] would have been valuable for any decision he made regarding whether or not to take a plea bargain offer or to take the case to trial" and "harmed [him]." If we assume without deciding that trial

[Defense Counsel]: You're doing this of your own free will?
[Esparza] Yes, sir.

5

counsel was ineffective by failing to investigate,[3] similar to Esparza's argument concerning

[3] A defendant has a Sixth Amendment right to effective assistance of counsel in plea proceedings. U.S. CONST. AMEND. VI; *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex.Crim.App. 2010). In a plea proceeding, a trial court cannot accept a plea of guilty or nolo contendere unless the plea is free and voluntary. TEX.CODE CRIM.PROC.ANN. art. 26.13(b)(West Supp. 2011). A guilty plea is not knowing and voluntary if it is made because of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980)(en banc). Because counsel's function "is to make the adversarial testing process work in the particular case," counsel must conduct an independent legal and factual investigation sufficient to enable him or her to have a firm command of the case and the relationship between the facts and each element of the offense to permit him or her to discharge his or her duty to provide competent advice. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *see Ex parte Briggs*, 187 S.W.3d 458, 467 (Tex.Crim.App. 2005).

In this case, the following exchange took place between the prosecutor and Esparza before Esparza pleaded guilty:

> [Prosecutor]:   Okay.   Are you aware and do you understand and are you ready to go to trial knowing the fact that your attorney has not filed a single motion in the case?
> [Esparza]:   Am I aware of it or –
> [Prosecutor]:   Yeah.
> [Esparza]:   Yes, sir, I am.
> [Prosecutor]:   Okay.   And you understand that and you're fully aware and ready to go to trial?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   You understand that your attorney has not requested nor received one page of discovery from the State?   Are you aware of that?
> [Esparza]:   No, I wasn't aware of that.
> [Prosecutor]:   You understand that you're going to trial today without any of that?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   Okay.   And you're fully prepared to do that and that's what you want to do?
>
>                              .                    .                    .
>
> [Esparza]:   Okay.   Yes, sir.
> [Prosecutor]:   You understand that?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   Fully aware of that?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   And you're okay to go to trial with that?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   You understand that you have not received a witness list; you have not received a 403(b) motion, which basically talks about all your prior criminal acts and the things that will be admissible in punishment of your trial?   You're aware of that?
> [Esparza]:   Yes, sir.
>
>                              .                    .                    .
>
> [Prosecutor]:   Mr. Esparza, knowing that the discovery was just handed right now in front of you, are you prepared and ready to go to trial?
> [Esparza]:   Yes, sir.
> [Prosecutor]:   You're not asking for a continuance?   You don't want the plea bargain?   You want a trial?

Thereafter Esparza's trial counsel elicited testimony from Esparza that he had reviewed with him the misdemeanor charges based on the same set of facts and circumstances involved in his felony charge.

improper punishment advice, Esparza has nevertheless failed to demonstrate harm, as required by *Strickland*, with respect to this contention. Conspicuous by its absence is any assertion in Esparza's brief that he would have accepted the State's offer or proceeded to trial but for his trial counsel's alleged failure to investigate the case. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Moreover, Esparza has failed to demonstrate that there is a reasonable probability that the result of the proceeding would have been different. There is no indication in the record that Esparza brings on appeal that the trial court would have accepted a plea bargain or that, had he gone to trial, a jury would not have convicted him or sentenced him more leniently.

### *Cumulative Errors*

Esparza also contends that "the cumulative effects of [his] [trial] counsel's representation amounted to ineffective assistance of counsel." It is conceivable that a number of errors may be found harmful in their cumulative effect. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App. 1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). As noted herein, however, we have determined that Esparza failed to establish, in his brief or in the record, that, but for trial counsel's deficiencies, he would have not followed counsel's advice and, had he not, that there is a reasonable probability that the result of the trial would have been different.

Based on the record on appeal, it is unlikely that the result would have been different. When the trial court admonished Esparza regarding the consequences of his plea, he affirmatively responded that he understood the charges against him and his explanation of his rights. Esparza also told the trial court that he was pleading guilty and true because he "was guilty" and "for no other reason," and that he was doing so of his "own free will." Pleading guilty was

7

understandable given that Esparza had an extensive criminal record, and the evidence of his guilt, as established in the search warrant Esparza attempted to suppress, was overwhelming. Accordingly, trial counsel's strategy was to have Esparza assume responsibility for his action and to ask for mercy by putting on evidence that Esparza sold illegal drugs to raise the money necessary to care for his child. It is also clear, that Esparza was aware of the full range of punishment and of his counsel's actions related to pretrial discovery and motion practice.

After considering all of Esparza's ineffective assistance claims, we conclude that he has not satisfied the *Strickland* test for ineffective assistance because he has failed to establish that he suffered harm as a result of his trial counsel's alleged errors. *See Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65.

Esparza's first point of error is overruled.

## FAILURE TO HOLD SUPRESSION HEARING BEFORE ACCEPTING PLEA

In his second point of error, Esparza argues that the trial court violated his constitutional right to a fair trial when the trial court ruled on his motion to suppress after, rather than before, accepting his guilty plea.

Pursuant to the doctrine of invited error, a party is estopped from complaining on appeal of error he or she induced. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex.Crim.App. 1999). Here, it was Esparza who asked that he be permitted to plead guilty before the trial court considered his motion to suppress at a subsequent hearing, a position he maintained after being asked by the trial court if that is what he wished to do. Accordingly, because Esparza induced the trial court to commit the alleged error[4] he now complains of, he is precluded from raising such error on appeal.

---

[4] As a general rule, Article 28.01 of the code of criminal procedure prescribes the pretrial motion practice for criminal cases. TEX.CODE CRIM.PROC.ANN. art. 28.01 (West 2006). However, courts have consistently have held that these terms are not mandatory and have thus upheld a trial court's decision to determine at which point to

Without citing relevant authority or providing reasoned analysis, Esparza argues that we should nonetheless reverse his conviction because his trial counsel "surely was ineffective in allowing [him] to plea[d] guilty before a hearing on the motion to suppress could be heard." However, as discussed in footnote four, the trial court had the discretion to determine at which point to hear Esparza's motion to suppress. Accordingly, Esparza has failed to establish that his trial counsel erred in not requesting the trial court hear the motion before accepting his plea. Moreover, Esparza has failed to establish, either by reasoned analysis in his brief or through evidence in the record, that he would not have pleaded guilty had his trial counsel insisted that the trial court hold the hearing before accepting his plea or that the outcome of the proceeding would have been different had he pleaded guilty after the court heard his motion. In light of the foregoing, and because Esparza requested that the trial court delay a hearing on his motion to suppress until after he pleaded guilty, Esparza's second point of error is overruled. *See Prystash*, 3 S.W.3d at 531.

## CONCLUSION

Having overruled both of Esparza's points of error, we affirm the trial court's judgment.

July 18, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

hear a suppression motion as an exercise of its discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex.Crim.App. 1988); *Morrison v. State*, 71 S.W.3d 821, 825-26 (Tex.App.--Corpus Christi 2002, no pet.); *State v. Reed*, 888 S.W.2d 117, 119 (Tex.App.--San Antonio 1994, no pet.).