COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 STEVEN MADINA ESPARZA,
  
                             Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00120-CR
  
 Appeal from the
  
 211th
 District Court
  
 of Denton
 County, Texas 
  
 (TC# F-2010-0269-C)
 
  
 
 


 

O
P I N I O N

Steven Madina Esparza (“Esparza”) appeals the
trial court’s judgment convicting him of possession of 4 grams or more but less
than 200 grams of cocaine, with intent to deliver, in a drug-free zone,
enhanced by a prior felony conviction of burglary of a habitation, and
sentencing him to 45 years’ imprisonment. 
In two points of error, Esparza argues that his trial counsel provided
ineffective assistance and that the trial court violated his constitutional
right to a fair trial.  We affirm.

            Factual and Procedural Background








On the day the trial court called this case
for trial and before voir dire began,
Esparza, after being admonished by the trial court, pleaded guilty to the
indicted offense and true to the enhancement paragraph subject to the trial
court’s ruling on his motion to suppress the search warrant.  Having elected to have the trial court assess
his punishment, Esparza asked the trial court to hear his motion to suppress at
a subsequent hearing to take place immediately before the trial court began the
punishment phase.  At the conclusion of
the hearing on the motion to suppress, the trial court denied the motion and,
immediately thereafter, began the punishment phase.  During this phase, the State introduced
several documents, including a pen packet, and Esparza, the only witness,
testified in his defense.  After considering
all of the evidence, including Esparza’s testimony, the trial court sentenced
him to forty-five years in prison.

Esparza moved for a new trial, asserting that
his conviction was contrary to the law and evidence and that his trial counsel
rendered ineffective assistance because his “trial counsel did not accurately
inform [him] of the entire punishment range in this cause . . . .”  In support of his ineffective assistance
claim, Esparza attached two affidavits to his motion for new trial.  In his affidavit, Esparza stated that his
trial counsel recommended that he reject the State’s plea bargain offer, plead
guilty, and elect to have the trial court assess punishment because it was
likely the trial court would assess a punishment significantly lower than the
one recommended in the State’s offer.  In
the other affidavit, Esparza’s girlfriend, Nicole Autry, reiterated almost
verbatim what Esparza stated in his affidavit. 
The motion for new trial was overruled by operation of law.

INEFFECTIVE
ASSISTANCE OF COUNSEL

In his first point of error, Esparza lists
three complaints as the basis for his argument that his trial counsel provided
ineffective assistance:  (1) counsel
failed to provide him with proper advice regarding punishment; (2) counsel
failed to investigate his case; and (3) the cumulative impact of counsel’s
errors denied him a proper trial.

 

Standard of Review

To establish that his trial counsel provided ineffective
assistance, Esparza must show by a preponderance of the evidence that his
counsel’s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel’s
deficiency, the result of the trial would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); Davis v. State, 278 S.W.3d
346, 352 (Tex.Crim.App. 2009); Hernandez
v. State, 988 S.W.2d 770, 770 (Tex.Crim.App. 1999).

In evaluating whether trial counsel’s representation
fell below the standard of prevailing professional norms, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).  The issue is whether counsel’s assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See Strickland, 466 U.S. at 688-89, 104
S.Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas v. State, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); Mallett v. State, 65 S.W.3d 59, 63
(Tex.Crim.App. 2001).  A reviewing court
will rarely be in a position on direct appeal to fairly evaluate the merits of
an ineffective assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d at 813-14.  “In the majority of cases, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind
trial counsel’s actions.”  Salinas, 163 S.W.3d at 740, quoting Mallett, 65 S.W.3d at 63.  To
overcome the presumption of reasonable professional assistance, “any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”  Id.,
quoting Thompson, 9 S.W.3d at 813.  It
is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v.
State, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different, we must be convinced that counsel’s errors were so serious
that they deprived the appellant of a fair trial; that is, a trial with a
reliable result.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  In other words, an appellant bears the burden
to establish that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Id. at 694, 104 S.Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S.Ct. at 2070.

Failure to Advise Properly Regarding
Punishment

Esparza argues that his trial counsel provided
him erroneous advice regarding punishment[1] by
assuring him that the trial court could not sentence him “to a term of
imprisonment of greater than the offered plea of 15 years.”  Assuming, without deciding that trial counsel
was ineffective by failing to provide proper advice regarding punishment,[2] Esparza
has nevertheless failed to meet the second prong of the Strickland test with respect to this assertion.  

Nowhere in his brief does Esparza make a
specific assertion concerning how his trial counsel’s alleged ineffectiveness
regarding punishment harmed him.  The
closest Esparza comes are his general and global assertions that he needed correct
advice to “make an informed decision as to how to best proceed given the
charges he was facing” and that, had he received such advice, “there is a
reasonable probability that the results of the proceeding would have been
different.”  What Esparza does not state,
however, is that had he known that the trial court could sentence him to more
than fifteen years imprisonment, he would have made a different decision, such
as accepting the State’s offer or changing his punishment election, rather than
allowing the trial court to make the determination.  In other words, Esparza fails to assert
affirmatively that he would not have elected to be sentenced by the court but for his trial counsel’s advice.  Strickland,
466 U.S. at 694, 104 S.Ct. at 2068.

Moreover, Esparza has not demonstrated that
there is a reasonable probability that the result of the proceeding would have
been different.  There is no indication
in the record that Esparza brings on appeal that the trial court would have accepted
a plea bargain including a sentence of twenty years or that a jury would have sentenced
Esparza to fewer years than did the trial court.

Failure to Investigate

            Esparza next contends
that his trial counsel’s failure to file motions, to review the prosecutor’s
file, and to examine the search warrant deprived him of “essential information
[that] would have been valuable for any decision he made regarding whether or
not to take a plea bargain offer or to take the case to trial” and “harmed
[him].”  If we assume without deciding
that trial counsel was ineffective by failing to investigate,[3]
similar to Esparza’s argument concerning improper punishment advice, Esparza
has nevertheless failed to demonstrate harm, as required by Strickland, with respect to this
contention.  Conspicuous by its absence
is any assertion in Esparza’s brief that he would have accepted the State’s
offer or proceeded to trial but for his trial counsel’s alleged failure to
investigate the case.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068.  Moreover, Esparza has failed to
demonstrate that there is a reasonable probability that the result of the
proceeding would have been different.  There is no indication in the record that
Esparza brings on appeal that the trial court would have accepted a plea
bargain or that, had he gone to trial, a jury would not have convicted him or sentenced
him more leniently.

Cumulative Errors

Esparza also contends that “the cumulative
effects of [his] [trial] counsel’s representation amounted to ineffective
assistance of counsel.”  It is
conceivable that a number of errors may
be found harmful in their cumulative effect. 
Chamberlain v. State, 998
S.W.2d 230, 238 (Tex.Crim.App. 1999), cert.
denied, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).  As noted herein, however, we have determined
that Esparza failed to establish, in his brief or in the record, that, but for
trial counsel’s deficiencies, he would have not followed counsel’s advice and,
had he not, that there is a reasonable probability that the result of the trial
would have been different.

Based on the record on appeal, it is unlikely
that the result would have been different. 
When the trial court admonished Esparza regarding the consequences of
his plea, he affirmatively responded that he understood the charges against him
and his explanation of his rights.  Esparza also told the trial court that he was pleading
guilty and true because he “was guilty” and “for no other reason,” and that he
was doing so of his “own free will.” 
Pleading guilty was understandable given that Esparza had an extensive
criminal record, and the evidence of his guilt, as established in the search
warrant Esparza attempted to suppress, was overwhelming.  Accordingly, trial counsel’s strategy was to
have Esparza assume responsibility for his action and to ask for mercy by
putting on evidence that Esparza sold illegal drugs to raise the money
necessary to care for his child.  It is
also clear, that Esparza was aware of the full range of punishment and of his
counsel’s actions related to pretrial discovery and motion practice.

After considering all of Esparza’s ineffective
assistance claims, we conclude that he has not satisfied the Strickland test for ineffective
assistance because he has failed to establish that he suffered harm as a result
of his trial counsel’s alleged errors.  See Strickland, 466 U.S. at 687-88, 104
S.Ct. at 2064-65.

Esparza’s first point of error is overruled.

FAILURE
TO HOLD SUPRESSION HEARING BEFORE ACCEPTING PLEA

In his second point of error, Esparza argues
that the trial court violated his constitutional right to a fair trial when the
trial court ruled on his motion to suppress after, rather than before,
accepting his guilty plea.

Pursuant to the doctrine of invited error, a
party is estopped from complaining on appeal of error he or she induced.  Prystash
v. State, 3 S.W.3d 522, 531 (Tex.Crim.App. 1999).  Here, it was Esparza who asked that he be
permitted to plead guilty before the trial court considered his motion to
suppress at a subsequent hearing, a position he maintained after being asked by
the trial court if that is what he wished to do.  Accordingly, because Esparza induced the
trial court to commit the alleged error[4] he now
complains of, he is precluded from raising such error on appeal.

Without citing relevant authority or
providing reasoned analysis, Esparza argues that we should nonetheless reverse
his conviction because his trial counsel “surely was ineffective in allowing
[him] to plea[d] guilty before a hearing on the motion to suppress could be
heard.”  However, as discussed in
footnote four, the trial court had the discretion to determine at which point
to hear Esparza’s motion to suppress.  Accordingly,
Esparza has failed to establish that his trial counsel erred in not requesting
the trial court hear the motion before accepting his plea.  Moreover, Esparza has failed to establish, either
by reasoned analysis in his brief or through evidence in the record, that he
would not have pleaded guilty had his trial counsel insisted that the trial
court hold the hearing before accepting his plea or that the outcome of the
proceeding would have been different had he pleaded guilty after the court
heard his motion.  In light of the
foregoing, and because Esparza requested that the trial court delay a hearing
on his motion to suppress until after he pleaded guilty, Esparza’s second point
of error is overruled.  See Prystash, 3 S.W.3d at 531.

CONCLUSION

            Having
overruled both of Esparza’s points of error, we affirm the trial court’s
judgment.

 

July 18, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
Contrary to Esparza’s assertion that the standard enunciated in Ex parte Duffy, 607 S.W.2d 507
(Tex.Crim.App. 1980), applies in analyzing trial counsel’s representation
during the punishment phase of a trial, the Strickland
standard applies.  See Hernandez v. State, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999)(overruling
Duffy’s holding that Strickland did not apply to sentencing
hearings).

 





[2]
The following colloquy between Esparza and his trial counsel took place before
Esparza pleaded guilty:

 

[Defense Counsel]:  Okay. 
Now, have I also discussed with you that your minimum in this case is 20
years?

[Esparza]:  Yes, sir.

[Defense Counsel]:  Okay. 
And the State today has offered you 20 years, which is the minimum.  It can’t be any less than that.  You understand that?

[Esparza]:  Yes, sir.

[Defense Counsel]:  You understand that the maximum here could go
up to 99 years or life?

[Esparza]:  Yes.

[Defense Counsel]:  Okay. 
Notwithstanding what you understand about all of that, are you rejecting
the State’s offer of 20 years?

[Esparza]:  Yes, sir.

[Defense Counsel]:  You want to go on and continue with trial?

[Esparza]:  Yes, sir.

[Defense Counsel]:  Nobody is forcing you to do this?

[Esparza]:  No, sir.

[Defense Counsel]:  You’re doing this of your own free will?

[Esparza]  Yes, sir.





[3]
A defendant has a Sixth Amendment right to effective assistance of counsel in
plea proceedings.  U.S. Const. Amend. VI; Ex parte Harrington, 310 S.W.3d 452, 458
(Tex.Crim.App. 2010).  In a plea
proceeding, a trial court cannot accept a plea of guilty or nolo contendere
unless the plea is free and voluntary.  Tex.Code Crim.Proc.Ann. art. 26.13(b)(West
Supp. 2011).  A guilty plea is not
knowing and voluntary if it is made because of ineffective assistance of
counsel.  Ex parte Burns, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980)(en
banc).  Because counsel’s function “is to
make the adversarial testing process work in the particular case,” counsel must
conduct an independent legal and factual investigation sufficient to enable him
or her to have a firm command of the case and the relationship between the
facts and each element of the offense to permit him or her to discharge his or
her duty to provide competent advice.  Strickland, 466 U.S. at 690, 104 S.Ct.
at 2066; see Ex parte Briggs, 187
S.W.3d 458, 467 (Tex.Crim.App. 2005).

 

In this case, the following exchange took place
between the prosecutor and Esparza before Esparza pleaded guilty:

 

[Prosecutor]:  Okay. 
Are you aware and do you understand and are you ready to go to trial
knowing the fact that your attorney has not filed a single motion in the case?

[Esparza]:  Am I aware of it or –

[Prosecutor]:  Yeah.

[Esparza]:  Yes, sir, I am.

[Prosecutor]:  Okay. 
And you understand that and you’re fully aware and ready to go to trial?


[Esparza]:  Yes, sir.

[Prosecutor]:  You understand that your attorney has not
requested nor received one page of discovery from the State?  Are you aware of that?

[Esparza]:  No, I wasn’t aware of that.

[Prosecutor]:  You understand that you’re going to trial
today without any of that?

[Esparza]:  Yes, sir.

[Prosecutor]:  Okay. 
And you’re fully prepared to do that and that’s what you want to do?

 

.               .               .

 

[Esparza]:  Okay. 
Yes, sir.

[Prosecutor]:  You understand that?

[Esparza]:  Yes, sir.

[Prosecutor]:  Fully aware of that?

[Esparza]:  Yes, sir.

[Prosecutor]:  And you’re okay to go to trial with that?

[Esparza]:  Yes, sir.

[Prosecutor]:  You understand that you have not received a
witness list; you have not received a 403(b) motion, which basically talks
about all your prior criminal acts and the things that will be admissible in
punishment of your trial?  You’re aware
of that?

[Esparza]:  Yes, sir.

 

.               .               .

 

[Prosecutor]:  Mr. Esparza, knowing that the discovery was
just handed right now in front of you, are you prepared and ready to go to
trial?

[Esparza]:  Yes, sir.

[Prosecutor]:  You’re not asking for a continuance?  You don’t want the plea bargain?  You want a trial?

 

Thereafter Esparza’s trial counsel elicited testimony
from Esparza that he had reviewed with him the misdemeanor charges based on the
same set of facts and circumstances involved in his felony charge.





[4]
As a general rule, Article
28.01 of the code of criminal procedure prescribes the pretrial motion practice
for criminal cases.  Tex.Code Crim.Proc.Ann. art. 28.01 (West
2006).  However, courts have consistently
have held that these terms are not mandatory and have thus upheld a trial court’s
decision to determine at which point to hear a suppression motion as an
exercise of its discretion.  Calloway v. State, 743 S.W.2d 645, 649
(Tex.Crim.App. 1988); Morrison v. State,
71 S.W.3d 821, 825-26 (Tex.App.--Corpus Christi 2002, no pet.); State v. Reed, 888 S.W.2d 117, 119
(Tex.App.--San Antonio 1994, no pet.).